Jonathan Durham *versus* Charles Giles *& als.*

The plaintiff, as indorser, paid a note, after a suit had been brought thereon by the indorsee, in which the makers obtained a verdict and judgment in their favor, on the ground that, before the negotiation of the note, the time of payment had been extended without the consent of the sureties; — *Held,* that the plaintiff acquires no right of action against the maker and sureties for the money so paid; that the sureties were discharged by the verdict in their favor as against the plaintiff.

Reported from *Nisi Prius,* May, J., presiding.

Assumpsit for money paid, &c. From the case, it appears that the plaintiff was the payee of a negotiable promissory note against Giles, as principal, and the other defendants as sureties. After the maturity of the note, the plaintiff sold and indorsed it to one *Havener,* who afterwards commenced an action thereon. *Giles* made default; but the sureties defended on the ground that Durham, while owner of the note, and before the sale to *Havener,* made an agreement with *Giles* to extend the time of payment of the note, for a valuable consideration, and, without their knowledge or

consent. The verdict was in their favor, and judgment was rendered thereon.

The plaintiff, as indorser, paid to Havener the amount of the note, and thereupon brought this action.

*N. Abbott*, for the plaintiff.

*W. G. Crosby*, for the defendants.

The opinion of the Court was drawn by

APPLETON, C. J.—It is difficult to perceive what pretence there is for maintaining this action. The only claim, the plaintiff had against these defendants, arose from their note of hand to him. This he indorsed, to one Havener, after which he ceased to have any right of action against the defendants.

The indorsee, having the title to the note of the defendants, commenced a suit thereon. The principal was defaulted. The sureties defended the suit and recovered judgment against Havener.

Havener, failing to collect his debt, called on the plaintiff as indorser, who thereupon paid him the amount due on the note indorsed. The plaintiff made this payment on his own account, and not on account of these defendants. He made it in consequence of his liability as indorser, and to relieve himself therefrom. He was under no obligations to these defendants to make the payment.

Besides, that payment did not transfer the title to the note to the plaintiff. It still remained in Havener, to whom he had previously transferred it. The only claim the plaintiff had against the defendants was as the payee of their note. Their liability to him was as the holder thereof, and while he continued such holder and no longer. But the plaintiff is not the holder of the note. The payment to Havener did not revest the title in him so as to enable him to maintain an action thereon. A judgment had been rendered upon the note in a suit between the indorsee and the makers. The plaintiff has acquired no right of action against the

sureties.   Their rights and liabilities have been once judicially determined in a suit by the indorsee of the note against them, and cannot again be called in controversy. If it were not so, they might be harrassed by as many suits as there should happen to be indorsers.   *Nemo debet bis vexari pro una et eadem causa.*        *Plaintiff nonsuit.*

RICE, CUTTING, DAVIS, KENT and WALTON, JJ., concurred.