### THE TOWN OF CENTERVILLE v. WOODS ET AL.

TOWN.—*Pleading.*—*Presumption.*—In an action by a town of this State, it will be presumed, nothing to the contrary appearing, that the plaintiff has been organized under the general law of this State for the incorporation of towns.

SAME.—*Streets and Alleys.*—*Duty of Town.*—It is the duty of a town to keep its public streets and alleys in a safe condition for use, in the usual mode, by travellers.

SAME.—*Action for Damages.*—*Defect in Street.*—*Act of Third Person.*—In an action against a town, to recover damages for injuries received by a person while travelling on one of her public streets, by reason of a defect therein, it is no defence that such defect was caused by the act of a third person, without the consent of the city.

SAME.—*Action by Town for Repayment.*—Where, in such case, damages are recovered from the town for such injury, the latter, in an action against such third person, may compel him to repay such damages.

SAME.—*Cost of Repairs may be Recovered from Person Injuring Street.*—Where a third person has unlawfully injured a public street of a town, which he has refused, on demand, to repair, and the same has been repaired by the town, he is liable to the latter for the cost of such repairs.

From the Wayne Circuit Court.

*T. J. Study* and *H. U. Johnson*, for appellant.

*W. A. Peelle*, for appellees.

Howk, J.—In this action, the appellant, as plaintiff, sued the appellees, as defendants, in the court below.   The appellees demurred to appellant's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the court below, and to this decision the appellant excepted.  And, appellant refusing to plead further, judgment was rendered by the court below, on the demurrer, in favor of the appellees and against the appellant.

The sustaining of the demurrer to the complaint by the court below is the only alleged error assigned by the appellant, in this court.   This alleged error presents for our consideration this one question :   Are the facts stated in the complaint sufficient to constitute a cause of action, in favor of the appellant and against the appellees ?   As necessary to a proper understanding of the question thus presented, we give a summary of the facts stated in the complaint.

The appellant alleged, in substance, that it was an incorporated town under the laws of this State; that, since its incorporation, it had been and was the appellant's duty to keep the public streets and alleys of said town in a safe, good and convenient condition to be used and travelled over and along by the public; that there were, within the corporate limits of said town, among others, two streets known and designated as Main and Main-Cross streets, which were laid out and established by said town, as public streets thereof, more than twenty years ago, and had been, during all that time, used by said town and the public generally as public streets and thoroughfares of said town ; that on or about the 1st day of September, 1874, the appellees, being the owners of certain pieces of real estate situated along and near said two streets, and within the corporate limits of said town, for the purpose of draining the cellars under the buildings on said pieces of real estate so owned by them, without the consent of

the appellant first procured, dug and caused to be dug, along and across said Main street and said Main-Cross street, and within the corporate limits of said town, a ditch or sewer, two hundred yards long, four feet wide, and six feet in depth; that the appellees, after having dug said sewer or ditch, failed, neglected and refused to fill up and cover said ditch or sewer, so as to put said streets, where said ditch or sewer was dug, in a good, safe and passable condition for travel; that, by the digging of said ditch or sewer by the appellees, and by their failure, neglect and refusal to fill up or cover said ditch or sewer, the said streets were, where said ditch or sewer was dug, put and left by the appellees in a dangerous, unsafe and inconvenient condition to be used and travelled by the public, to the appellant's damage in the sum of fifty dollars. And the appellant averred, that the appellees, although often requested by the appellant, before the bringing of this suit, to fill up said ditch or sewer and repair said two streets, where said sewer was dug, and put said streets at said place in a safe condition for use and travel, failed, neglected and refused so to do; that, after the appellees dug said sewer and had failed, neglected and refused to fill up the same, and to repair and put said streets, where said sewer was dug, in a safe condition for use and travel, for a long time, to wit, twenty days, the appellant was required to and did fill up said sewer and said streets, where said sewer was dug, to prevent damage and injury to persons using and travelling said streets; and that in filling up said sewer, and in repairing said streets, the appellant necessarily expended the sum of fifty dollars, which sum it was worth to fill up said ditch or sewer, and which sum was due and unpaid; and the appellant demanded judgment for fifty dollars, and for other proper relief.

It does not appear, from appellant's complaint, under what law the appellant was incorporated; but it will be presumed, nothing appearing to the contrary, that the

appellant was incorporated under the general law of this State for the incorporation of towns. *The Town of Brazil* v. *Kress*, 55 Ind. 14.

By the first section of an act to enable incorporated towns to lay out, open, grade, and improve streets and alleys, etc., approved April 27th, 1869, it is provided, among other things, " That the board of trustees of incorporated towns of this State shall have exclusive power over the streets, alleys, highways and bridges, within the corporate limits of such town," etc. 1 R. S. 1876, p. 890. And by the 9th clause of section 22 of the general law of this State, providing for the incorporation of towns, etc., approved June 11th, 1852, it is provided, that the board of trustees shall have power " To lay out, open, grade and otherwise improve the streets, alleys, sewers, sidewalks and crossings, and keep them in repair, and to vacate the same." 1 R. S. 1876, p. 879.

Where such an exclusive and plenary power is conferred by law on an incorporated town, over the streets and alleys within its corporate limits, the correlative duty necessarily arises therefrom to keep such streets and alleys in such repair as that the inhabitants of said town and the general public may safely and conveniently pass and repass over, along and across such streets and alleys. *Lowrey* v. *The City of Delphi*, 55 Ind. 250. The law is well settled, that municipal corporations, having the powers ordinarily conferred upon them over the streets, alleys and bridges within their limits, " owe to the public the duty to keep them in a safe condition for use in the usual mode by travellers, and are liable in a civil action for special injuries resulting from neglect to perform this duty." Dillon Munic. Corp., sec. 789, *et seq.*, and authorities cited.

But, while this liability unquestionably exists, as against the municipal corporation, it may be and often is the case, that the unsafe condition of the street or alley has been brought about by the wrongful act or omission of

some third party. In such a case, the law is well established, that "A municipal corporation, which has been made liable for the consequences of an obstruction or excavation made in a highway by another, has a remedy over against the author of the nuisance, where no affirmative fault is imputable to the corporation in the matter. Thus a municipal corporation which has been compelled to pay damages to one injured by falling into an unguarded area made by the defendant has a remedy against the latter for repayment. It makes no difference that the work was done under the implied (though not express) license of the corporation; for a license to make the excavation is not a license to leave it open and unguarded, and no such license will be presumed." Shearman & Redfield Negligence, sec. 154. *Chicago City* v. *Robbins*, 2 Black, 418.

The theory of the law, as thus enunciated, is this: That while the municipal corporation, by reason of its exclusive power over the streets and alleys within its corporate limits, must be held to a strict and rigid performance of the duty, necessarily resulting from such exclusive power, to keep such street and alleys in a safe condition for the ordinary use thereof by the public, and will be liable in damages for injuries resulting from its neglect to perform such duty; yet, where it appears, in such a case, that the unsafe condition of the street or alley has been brought about by the wrongful act or omission of a third party, the municipal corporation shall have its remedy against such third party for the repayment of the damages it has sustained.

We know of no good reason why this doctrine should not be made applicable to the reimbursement to the municipal corporation of such damages or expenses, as it may have incurred by reason of the wrongful act of a third party, in excavating its streets or alleys, without an express license therefor, or by the wrongful omission of such third party, for an unreasonable time, to put such

street or alley so excavated in a safe condition for the ordinary use thereof by the public. The law imposes the duty on the municipal corporation to put and keep its streets and alleys in a safe condition for the ordinary use thereof by the public. Where a ditch has been dug along or across a street or alley, within the corporate limits of a town or city, and has been left in an unsafe condition, such municipal corporation can not escape liability for the damages occasioned by or resulting from such ditch, upon the plea that the ditch was dug or left by a third party, without its license or authority. It is the duty of the municipal corporation, in such a case, to put the street or alley in a safe condition for its ordinary use by the public; and if, in so doing, it incurs expenses, it seems to us, that such third party should be held liable to such town or city for the reasonable expenses thus incurred.

In the case at bar, the appellant averred in its complaint, that it had necessarily expended the sum of fifty dollars, which sum it was worth to fill up the ditch or sewer, which the appellees had dug along and across two of the streets, within the appellant's corporate limits. Manifestly, from the averments of the complaint, the appellees' acts, in digging said ditch or sewer, and in leaving the same open for an unreasonable time, were the cause or occasion for the necessary expenditure by the appellant of the sum of fifty dollars, in closing up said ditch or sewer; and it is clear, therefore, that the appellant was damaged by such acts of the appellees to the amount of such necessary expenses.

In our opinion, therefore, the court below erred, in sustaining the appellees' demurrer to the appellant's complaint.

The judgment of the court below is reversed, at the appellees' costs, and the cause is remanded, with instructions to the court to overrule the demurrer to the com-

plaint, and for further proceedings in accordance with this opinion.