No. 10,106.

## THE CITY OF ELKHART v. WICKWIRE.

PLEADING.—*Harmless Error.*—When there are two good paragraphs of a complaint so similar that exactly the same evidence is admissible and sufficient under each, it is a harmless error to sustain a demurrer to one of them.

CITY.—*Street.—Personal Injury.— Damages.—Wrong-doer, Action Against by City for Repayment.*—A municipal corporation may maintain an action against one who makes its streets dangerous, for the recovery of damages it has been compelled to pay to one who has received injuries because of the unsafe or defective condition of the street.

SAME.— *Negligence.— Notice.— Res Adjudicata.*— Where the person who wrongfully or negligently causes a public street to be made unsafe for travel is notified of an action against the municipal corporation, instituted by one who has suffered injury because of such wrongful and negligent act, the judgment will be conclusive against him as to the questions adjudicated in that action.

SAME.—*License.*—A license to use a public street does not exculpate the licensee from the consequences of his negligence.

SAME.—*Sidewalk.—Liability of Adjoining Property Owner.*—A citizen can not be held liable for an injury resulting from a defective sidewalk upon the ground that he is the owner of the adjoining lot and makes more use than others of a thing causing the injury, constructed and kept for public convenience, to which all have a common right, and over which no one citizen has specific control.

SAME.—A citizen of a municipality is not responsible for an injury resulting from an unsafe condition of a street, unless his act caused it to become unsafe, or he has been guilty of some breach of duty in the particular instance.

SAME.—*Case Stated.*—One who was injured by a fall in consequence of ice accumulated about a pump on a sidewalk of a city recovered damages against the city. The city then sued W., who had been notified to defend the suit, to reimburse itself. It appeared by special verdict that W. owned the adjoining lot since 1860 ; that the well had been made for public use by leading citizens in 1852, and with a sample pump put in it, with W.'s consent, by a dealer in pumps, had been ever since used by the public, including the lot owner, who claimed no exclusive interest in it, though on one occasion he caused trifling repairs to be made to the pump. In 1879, before the injury, the city marshal, by direction of the city, notified W. to remove the pump, and by agreement with the marshal, and W.'s consent, it was moved nearer the line of the lot.

*Held,* that a judgment thereon for W. was correct, no wrongful act appearing to have been done by him.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellant.

*J. H. Baker, J. A. S. Mitchell* and *H. C. Dodge,* for appellee.

ELLIOTT, J.—It is true, as counsel for appellant contends, that a plaintiff may state his cause of action in different forms

in order to prevent a possible failure of proof. *Snyder* v. *Snyder*, 25 Ind. 399; *Stearns* v. *Dubois*, 55 Ind. 257. It does not follow, however, that it is error to sustain a demurrer to one of two paragraphs, where both plead the same cause of action, and where the plaintiff is entitled to give the same evidence under one paragraph that he would be entitled to do if both were left standing. In this case the first and second paragraphs of the complaint are substantially the same, and the evidence admissible under both was clearly admissible under the first alone, and there was, therefore, no error in sustaining the demurrer to the second paragraph, even if it be deemed good. If the first paragraph were not broad enough to let in all the evidence admissible under both, or if the case made by the first paragraph required more evidence to sustain it, thus imposing a heavier burden on the plaintiff, or if the different paragraphs required different evidence, then, perhaps, it would be otherwise. It is obvious, however, that where two paragraphs secure to the plaintiff no greater benefits than one would do, he is not injured by sustaining a demurrer to one of them, and this is true of the case in hand. Where, as here, the pleading on its face, as well as the whole record, clearly shows that the cause of action stated in two paragraphs of the complaint is the same, and can be made out by the same evidence, there is no error in sustaining a demurrer to one of the paragraphs.

The facts stated in the special verdict may be thus summarized: On the 5th day of January, 1881, the appellee was the owner of a lot in the city of Elkhart, to which he acquired title in 1860; that a well was dug in the sidewalk of the city adjoining this lot, in 1852, under "the direction of some of the leading citizens of that city, for the use of the public as well as the lot owner;" that the well and pump therein have ever since been used by the public and the lot owner, with the knowledge and consent of the city; that the pump was placed in the well as a sample pump, with the knowledge of appellant, but not by the procurement of either

of the parties to this action; that appellee never claimed any interest in it different from the city or public generally; "but on one occasion, when the pump got out of repair, he caused some trifling repairs to be made. In 1879 the appellant directed its marshal to notify appellee to remove the pump from the sidewalk. Notice was given him, and, by agreement with the marshal, the pump was moved nearer the line of the lot, and the appellant knew of and consented to the placing of the pump in the place in which it stood when Ida M. Kahler was injured." A judgment was recovered by Ida M. Kahler, at the March term, 1881, of the Elkhart Circuit Court against appellant, for injuries caused by falling on the ice accumulated about the pump, for twenty-five hundred dollars and costs; "that the accumulation of ice, which caused the injuries of Ida M. Kahler, was not caused by the act of the appellee alone, but that the accumulation of ice was caused by the overflow and drip from the pump when used by the appellee and others, who used the pump with the knowledge and consent of both parties;" that, before the trial of the action brought by Ida M. Kahler, the appellee had due notice, and was required to defend.

There is no doubt that a municipal corporation may maintain an action against one who makes its streets dangerous, for the recovery of damages it has been compelled to pay to one who has received injuries because of the unsafe or defective condition of the street.

Where the person who wrongfully or negligently causes a public street to be made unsafe for travel is notified of an action instituted by one who has suffered injury because of such wrongful or negligent act, the judgment will be conclusive against him as to the questions adjudicated in that action. *McNaughton* v. *City of Elkhart*, 85 Ind. 384.

A license to use a public street does not exculpate the licensee from the consequences of his negligence. Although a person may act under the authority of the municipality, he is not licensed to proceed carelessly and unskilfully, but is

bound to use the privilege granted him with due care and reasonable skill.

The general duty of maintaining the streets of a city in a reasonably safe condition for travel rests upon the municipal authorities, and this duty can not, so far as concerns third persons, be devolved upon an individual citizen, nor is a citizen responsible for an injury resulting from an unsafe condition of the street, unless his act caused it to become unsafe, or he has been guilty of some breach of duty in the particular instance.

It results from these general principles that if the facts stated in the special verdict can be regarded as showing that the appellee made the sidewalk unsafe, or was charged with a duty respecting it, and negligently omitted to perform that duty, the judgment should have been for the appellant. We can not, however, regard the verdict as even inferentially showing any wrongful act or omission on the part of the appellee. The burden of the issue was on the appellant, and all facts essential to a recovery must appear, or the appellee is entitled to a judgment. *Ex parte Walls*, 73 Ind. 95 ; *Spraker* v. *Armstrong*, 79 Ind. 577.

There was no wrongful occupancy of the sidewalk by him, for the well was dug by the direction of others, was licensed by the municipality, and he did no more than use it in common with other citizens. It is not a tort to use what the municipal authorities authorize to be maintained for public use and convenience.

The change in the exact location of the pump was not a change of the uses for which it was originally provided. The only change was the location ; there was nothing making it the private property of appellee, nor devoting it to his exclusive benefit ; it remained a public pump.

The use in common with the public of a thing kept for public use does not impose a duty upon those using it to keep the sidewalk where the thing is situated in repair ; that duty rested upon the corporation. There was nothing charging

upon the appellee any duty, and, as he owed no duty, no ac-- tion can be maintained against him. We need not enquire what the rule would be if the appellee had placed the pump in the sidewalk for his private benefit, or if it had been kept there for his sole use; for the verdict shows an altogether different case.

It is said in Cooley on Torts, 609: "That party only is responsible for the continuance of a nuisance who has possession and control where it is, and upon whom, therefore, the obligation to remove seems properly to rest." In this case the appellee had neither possession nor control of the place where the pump was situated, nor did he have control of the pump, or any supervision of its use. No more was done by him than all others had a right to do without let or hindrance from him, and, having no authority to supervise or control, he was burdened with no duty, and, as there was no duty, there could be no negligence.

The well was not an appurtenance for the appellee's private use and benefit, as a coal vault, a stairway, or the like, and cases applying to such things, constructed and used by a citizen for mere private convenience, have no bearing upon such a case as this. The mere fact that the well was in the sidewalk near the appellee's property does not affect the legal aspect of the case. *Jansen* v. *City of Atchison*, 16 Kan. 358. A citizen can not be held liable for an injury resulting from a defective sidewalk, upon the ground that he is the owner of the adjoining lot, and makes more use than others of a thing constructed and kept for public convenience, to which all have a common right, and over which no one citizen has specific control. It is plain that in such a case no one citizen can be held to be responsible for the existence and control of a thing in which he has no exclusive right, and where his benefit from its existence is the same as that of others, differing only in degree.

We do not deem it necessary to examine the correctness of the ruling excluding evidence tending to enhance damages,

for, as it is clear that the appellant is not entitled to recover; the question as to the amount of recovery is not material.

Judgment affirmed.

WOODS, C. J., did not participate in the decision of this cause.