ALPHA R. HILL *vs.* HUGH B. BAIN, Town Treasurer of the Town of Cranston.

A., claiming to be injured by collision with certain teams left in a highway by B., brought an action against B. to recover damages for his injuries. In this action B. obtained judgment. A. then brought an action against the town in which the highway was situated to recover damages for his injuries, charging the town with negligence in permitting the highway to be unsafe. The town pleaded in bar the judgment recovered by B. against A., alleging that B. caused the defect complained of. To this plea A. demurred.

*Held*, that the plea was good, and that the demurrer should be overruled.

*Held*, further, that A., by the judgment which B. recovered against him, was estopped from suing the town.

TRESPASS ON THE CASE.   On demurrer to plea.

*June* 26, 1885.   DURFEE, C. J.   The case made by the pleadings is this: September 28, 1882, the plaintiff, while driving on the Pontiac Road, so called, in the town of Cranston, in the nighttime, in the exercise of reasonable care, came into collision with certain teams or carts placed in the road and left there by James A. Budlong and Frank L. Budlong, copartners, and was badly injured in his person. He sued the Budlongs at the March Term of this court, 1883, in a plea of trespass on the case, laying his damages at $20,000, for injuries received from said obstruction; but, after trial, the jury found a verdict for the Budlongs as not guilty of causing the injuries, on which verdict the court gave a final judgment for the Budlongs, which judgment still remains in force.   At the December Term of the Court of Common Pleas, 1883, the plaintiff brought this action against the town of Cranston, which is an action on the case to recover damages for the injuries aforesaid, on the ground that the town neglected to keep said road, the same being a public highway, safe and convenient for travel.   The defendant pleads the judgment for the Budlongs

in bar by way of estoppel, alleging that the Budlongs were the authors of the obstruction or defect complained of. The plaintiff demurs to the plea. The case is here on appeal. The question is whether the plea is a good plea by way of estoppel. The defendant contends that it is, because, in the first place, the plaintiff, in order to recover in this action, would have to prove all which it was necessary for him to prove in order to recover in the former action, except the fact that the said teams and carts were placed in said road and left there by the Budlongs, which fact is admitted by the demurrer, and something else besides, namely, that the town, after notice of the alleged nuisance, actual or constructive, neglected to remove or guard against it; and because, in the second place, the town has only to notify the Budlongs of this action, thus giving them an opportunity to defend it, in order, in case of a judgment against the town, to make the Budlongs liable over for the damages recovered; so that, if the plea is not sustained, the Budlongs, after judgment in their favor proving that the plaintiff has no case, may be compelled, in this roundabout way, to compensate the plaintiff for his injuries. The plaintiff, on the other hand, contends that the plea is bad, because the defendants in the two actions are different, and there is no privity between them.

Undoubtedly the rule, as generally laid down, is, that judgments avail as estoppels only for or against parties and privies; but, nevertheless, the courts allow themselves a good deal of latitude in applying the rule, observing the spirit of it rather than the letter. Thus it has been held that a judgment in favor of a deputy sheriff, in an action against him for official misfeasance or default, is available by way of estoppel in an action against the sheriff for the same misfeasance or default. *King v. Chase,* 15 N. H. 9. So it has been held that a judgment in favor of a master in an action against him for the act of his servant, rendered in a trial of the case on its merits, is a bar to a suit against the servant for the same act. *Emery v. Fowler,* 39 Me. 326. So it has been held that a judgment on the ground of payment against one of two joint and several makers of a promissory note is a bar to recovery against the other, whether, as between the makers, the other signed as principal or surety. *Spencer et al v. Dearth,* 43

Vt. 98. In *Bates* v. *Stanton*, 1 Duer, 79, 88, the plaintiff, claim-
ing to be the owner of certain goods, delivered them to the de-
fendant by way of bailment; the defendant afterwards surren-
dered them to the true owner, taking from him an indemnity
bond. Thereupon the plaintiff sued him in trover for their con-
version, and it was held that a judgment recovered by the true
owner, in an action against the plaintiff involving the right to the
goods, was conclusive against the plaintiff in his action against the
defendant, inasmuch as the parties, though nominally different,
were virtually the same on account of the interest which the true
owner had in the defence of the later action by reason of the
indemnity bond which he had given to the defendant of record.
In *Atkinson* v. *White*, 60 Me. 396, the owner of a lot of logs
mortgaged them to A. and then sold them to B. A. afterwards
sold a portion of them to C., warranting their title. B. sued C. in
trover for a conversion of the logs bought by him, and recovered
judgment; C. setting up his title under A. In a later suit by C.
against A., involving the same title, it was held that the judg-
ment recovered by B. was a bar to recovery. See, also, *Durham*
v. *Giles*, 52 Me. 206, and *Freer* v. *Stotenbur*, 2 Abb. Ct. App.
Decis. 189.

In these cases the defendants were permitted to avail them-
selves by way of estoppel of judgments to which they were neither
parties nor privies. The ground on which this was permitted
seems to have been that the defendants, though not parties to the
judgments, were so connected in interest or liability with the
parties that the judgments when recovered could be regarded
as virtually recovered for them, for the purposes of estoppel, as
well as by and for the parties of record. The Supreme Court of
Maine, in *Atkinson* v. *White*, *supra*, express an inclination to go
even further, and to hold broadly that "when a party has once
tried a question in one suit, he shall not, without regard to mutual
estoppel, again try the same question involving the same testi-
mony in another suit." We think, on the authority of these
cases, it is competent for the defendant town to set up, by way of
estoppel in the case at bar, the judgment recovered by the Bud-
longs. Certainly, if the town had notified the Budlongs of the
pendency of this action, and the Budlongs had, in consequence of

the notice, assumed the defence, it would be competent for them, on the authority of these cases, to plead the former judgment in bar ; for they would then be the real defendants, though defending in the name of the town, and ought not to be required to try over a question which they have already tried, with the result of a final judgment against the plaintiff in their favor.    But the Budlongs, if they assumed the defence, would have to make it in the name of the town, and we see no good reason why the town should not be permitted to make, without calling upon them, any defence which they could make, if called upon, in the name of the town.

*Demurrer overruled.*

*Page & Owen*, for plaintiff.
*Nicholas Van Slyck & Ziba O. Slocum*, for defendant.