City of Anderson *v.* Fleming.

---

### CITY OF ANDERSON *v.* FLEMING.

[No. 20,011. Filed May 22, 1903.]

MUNICIPAL CORPORATIONS.—*Damages.*—*Independent Contractor.*—A city is liable equally with the contractor to a person who was injured by stepping into an excavation across a sidewalk made by an independent contractor, where such excavation was authorized by the contract and was of such a character as to render the sidewalk dangerous for public travel. *pp. 597-601*

JUDGMENTS.—*Personal Injuries.*—*Municipal Corporations.*—*Independent Contractor.*—*Former Adjudication.*—Where one who received an injury by stepping into a dangerous excavation across a sidewalk, made by an independent contractor, brought suit against the contractor for the injuries sustained, which resulted in a judgment for the defendant, such judgment may be pleaded in bar of an action by such person against the city for such injuries. *pp. 601-604.*

From Superior Court of Madison County; *H. C. Ryan,* Judge.

Action by Elizabeth Fleming against the city of Anderson. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*G. M. Ballard, W. A. Kittinger, W. S. Diven* and *B. H. Campbell,* for appellant.

*C. K. Bagot* and *Thomas Bagot,* for appellee.

MONKS, J.—This action was brought by appellee against appellant in March, 1900, to recover damages for personal

injuries received in October, 1898, by stepping into an excavation in one of the streets of said city. A trial of said cause resulted in a verdict in favor of appellee, and, over a motion for a new trial, judgment was rendered thereon against appellant.

The errors assigned call in question the action of the court in overruling the demurrer to the complaint, in sustaining appellee's several demurrers to the second, third, and fourth paragraphs of answer, and in overruling appellant's motion for a new trial.

It is insisted by appellant that the complaint is insufficient, because: (1) It appears from the allegations contained therein that said excavation was made by a contractor in performing the work of improving a public street of appellant under a contract with appellant, and it is not averred that appellant had any notice or knowledge of the existence of said excavation at or before the time of appellee's injury; (2) it appears from the complaint that appellee was guilty of contributory negligence.

It appears from the complaint that on the night of October 14, 1898, appellee was walking along a public sidewalk in the city of Anderson, and that she fell into a deep excavation extending across said sidewalk, and was injured; that said sidewalk was "very much traveled by persons on foot; that the excavation across said sidewalk was of such a character as to render said sidewalk dangerous and unsafe for travel, and greatly to endanger life, limb, and the safety of persons traveling upon said sidewalk in the nighttime." There were no guards, lights, signals, or other warnings of danger to the public about or near said excavation. Appellee had no notice or knowledge of the existence of said excavation, and she was unable to see the same on account of the darkness of the night. Said excavation was made by an independent contractor under a contract with appellant for the improvement of a public street and the

City of Anderson *v.* Fleming.

sidewalks on each side thereof.   Said contract provided that said contractor "should maintain the sidewalks along said street during the construction of said improvement safe for travel by the general public, and that he should properly guard all places of danger along said street during the construction of said improvement."   That appellant had full notice and knowledge that said excavation was made across said sidewalk, and knew of its existence from the time it was made.   It is evident that the complaint is not open to the objections urged.

The facts alleged in the third paragraph of answer show that the excavation into which appellee fell was made by an independent contractor, under a contract with appellant for the improvement of a public street in said city.

It is insisted by appellant that a municipal corporation is not liable for the negligence or the wrongful acts of an independent contractor in the work of improving a public street under a contract with such corporation, and that for this reason the court erred in sustaining appellee's demurrer to said third paragraph of answer.

The general rule is that an employer is not liable for an injury caused by the negligence or the wrongful acts of an independent contractor in executing the work in compliance with his contract, but this rule does not apply when the contract requires the performance of work intrinsically dangerous.   *City of Evansville* v. *Senhenn,* 151 Ind. 42, 59, 41 L. R. A. 728, 68 Am. St. 218; *City of Logansport* v. *Dick,* 70 Ind. 65, 78-81, 36 Am. Rep. 166, and cases cited; *Park* v. *Board, etc.,* 3 Ind. App. 536, 538-541, and cases cited; Dillon, Mun. Corp. (4th ed.), §§1028, 1029; Elliott, Roads & Sts. (2d ed.), §633; Shearman & Redfield, Negligence (5th ed.), §§164-168.

A municipal corporation is charged with the duty of maintaining its streets in a reasonably safe condition for travel.   *City of Crawfordsville* v. *Smith,* 79 Ind. 308, 310,

41 Am. Rep. 612, and cases cited; *City of Indianapolis* v. *Doherty,* 71 Ind. 5, and cases cited; *Town of Centerville* v. *Woods,* 57 Ind. 192, 195.

As between the municipal corporation and the public the duty rests primarily upon the corporation, and cannot be evaded or suspended by any act of its own. *City of Logans-port* v. *Dick, supra; Park* v. *Board, etc., supra; Robbins* v. *Chicago City,* 4 Wall. (U. S.) 657, 18 L. Ed. 427; *Water Co.* v. *Ware,* 16 Wall. (U. S.) 566, 21 L. Ed. 485; *Brusso* v. *City of Buffalo,* 90 N. Y. 679, and cases cited; Dillon, Mun. Corp. (4th ed.), §1027; Note to *Goddard* v. *Inhabitants of Harpswell,* 30 Am. St. 411-413.

Judge Dillon, in his work on municipal corporations (4th ed.), §§1027, 1030, says on this subject: "§1027. Whether the duty of maintaining the streets in a safe condition for public travel and use is specially imposed on the corporation, or is deduced in the manner before stated, *it rests primarily, as respects the public, upon the corporation,* and the obligation to discharge this duty can not be evaded, suspended, or cast upon others, by any act of its own. Therefore, according to the better view, where a *dangerous excavation is made* and negligently left open (without proper lights, guards, or covering), in a traveled street or sidewalk, *by a contractor under the corporation* for building a sewer or other improvement, the corporation is liable to a person injured thereby, although it may have had no immediate control over the workmen, and had even stipulated in the contract that proper precautions should be taken by the contractor for the protection of the public, and making him liable for accidents occasioned by his neglect."

"§1030. Accordingly, the later and better considered cases in this country respecting streets have firmly, and, in our judgment, reasonably, established the doctrine that, where *the work contracted for necessarily constitutes an obstruction or defect* in the street, of such a nature as to render it unsafe or dangerous for the purposes of public

travel, unless properly guarded or protected, the employer (equally with the contractor), where the injury results directly from the acts which the contractor engaged to perform, is liable therefor to the injured party. But the employer is not liable where the obstruction or defect in the street causing the injury is wholly collateral to the contract-work, and entirely the result of the negligence or wrongful acts of the contractor, subcontractor, or his servants. In such a case the immediate author of the injury is alone liable."

From the allegations of the complaint, which are not denied in said third paragraph of answer, it appears that in making said improvement under the contract, the contractor dug said excavation across said sidewalk, and that the same "rendered said sidewalk dangerous and unsafe for travel, and that it greatly endangered the life, limb, and person of persons traveling upon said sidewalk in the night-time." Under the authorities cited, if the excavation which occasioned the injury resulted directly from the acts which the contractor agreed and was authorized to do, and the same was of such a character as to render said sidewalk unsafe and dangerous for the purposes of public travel, as alleged, appellant was liable equally with the contractor for appellee's injury, if received by her without contributory fault. It follows that the court did not err in sustaining the demurrer to the third paragraph of answer.

The second and fourth paragraphs are pleas of former adjudication. It appears from each of said paragraphs of answer that in 1899 appellee sued the independent contractor who made said excavation across said sidewalk for the same injuries sued for in this action, and that a trial of said cause upon the merits resulted in a judgment against appellee. No objection is made to the form of said paragraphs, but it is insisted that the liability of the contractor and appellant was joint and several, and that a judgment on the merits in favor of the contractor can not be pleaded

by appellant in bar of this action. The established rule in this State is that when a street of a municipal corporation is rendered unsafe by the wrongful act or negligence of a third person, and the corporation is compelled to pay for injuries caused by said unsafe streets, it has a right of action over against the person who rendered the same unsafe, for the amount so paid, and, if properly notified of the action, such person is bound and concluded by said judgment recovered against the corporation. *McNaughton* v. *City of Elkhart,* 85 Ind. 384, 391; *Town of Centerville* v. *Woods,* 57 Ind. 192, 196, 197; *City of Elkhart* v. *Wickwire,* 87 Ind. 77, 80; *Town of Elkhart* v. *Ritter,* 66 Ind. 136, 143; *Inhabitants of Lowell* v. *Boston, etc., R. Co.,* 23 Pick. 24, 34, 34 Am. Dec. 33; *Chicago City* v. *Robbins,* 67 U. S. (2 Black) 418, 17 L. Ed. 298; *Village of Port Jervis* v. *First Nat. Bank,* 96 N. Y. 550; *City of Brooklyn* v. *Brooklyn City R. Co.,* 47 N. Y. 475, 486, 7 Am. Rep. 469; *Mayor, etc.,* v. *Brady,* 30 N. Y. Supp. 1121; Smith, Mun. Corp., §§1305, 1533; Elliott, Roads & Sts. (2d ed.), §870; Shearman & Redfield, Negligence (5th ed.), §24a; 21 Am. & Eng. Ency. Law, 161, 162.

The municipal corporation, by payment of such damages, is entitled to be subrogated to the cause of action against the one whose negligence or wrongful acts rendered the street unsafe, which the injured party originally had. In such cases, as between the municipal corporation and the one who created the dangerous condition which occasioned the injury, the latter is primarily liable, and said corporation, having been compelled to pay such damages to the one injured, becomes subrogated to the remedy of such injured party. Smith, Mun. Corp., §1305, and note 209.

It was held in *City of Buffalo* v. *Holloway,* 7 N. Y. 493, 57 Am. Dec. 550, and note pp. 553, 554, that one who contracts with a municipal corporation for the improvement of a public street is under no obligation to the corporation properly to guard places in said street made dangerous by

said work during the progress thereof, unless the contractor, by his contract, has agreed to use the necessary precautionary measures to protect the public.  The correctness of this rule seems to be questioned in Dillon, Mun. Corp. (4th ed.), §1027, note 1.  In this case, however, it was stipulated in the contract that proper precautions should be taken by the contractor to protect the public from injury.  We are not required, therefore, to determine as to the correctness of the rule declared in *City of Buffalo* v. *Holloway, supra.*

It is clearly established by the authorities cited that if appellee was injured, without contributory fault on her part, by reason of said excavations being negligently left open, without proper guards or signals, as alleged, appellant would be entitled to recover from the contractor whatever appellee might recover against it.  Such right, as we have shown, would rest upon the principles of subrogation. Appellant would be entitled to be subrogated to appellee's right of action against the contractor, but the judgment on the merits in the contractor's favor in appellee's action against him conclusively adjudged that he was not liable to appellee, or any person claiming under her, for the same cause of action.  If appellee was not entitled to recover for said injury against the contractor, she is not entitled to recover therefor against appellant.

The contractor had the right, if duly notified by appellant, to appear and set up said former judgment in his favor against appellee in bar of this action against appellant, and appellant has the same right; otherwise the contractor would have to defend the same cause twice on its merits. *Hill* v. *Bain*, 15 R. I. 75, 23 Atl. 44, 2 Am. St. 873; *Featherstone* v. *President of Newburg*, 71 Hun 109, 24 N. Y. Supp. 603; Van Fleet, Former Adjudication, §§572, 573; Black, Judgments (2d ed.), §574.  See, also, *King* v. *Chase*, 15 N. H. 9, 41 Am. Dec. 675; *Emery* v. *Fowler*, 39 Me. 326, 63 Am. Dec. 627, and note p. 631; *Atkinson* v. *White*, 60 Me. 396; *Lyon* v. *Stanford*, 42 N. J. Eq. 411,

414, 7 Atl. 869; *Bates* v. *Stanton,* 1 Duer (N. Y.) 79, 88; *Chicago, etc., R. Co.* v. *Hutchins,* 34 Ill. 108; *Carter* v. *Bowe,* 41 Hun 516; *Slate* v. *Coste,* 36 Mo. 437, 88 Am. Dec. 148; *Gill* v. *Morris,* 67 Tenn. 614, 622, 27 Am. Rep. 744; *Castle* v. *Noyes,* 14 N. Y. 329; *Brown* v. *Bradford,* 30 Ga. 927; *Crum* v. *Wilson,* 61 Miss. 233, 236; *Renkert* v. *Elliott,* 79 Tenn. 235, 249, 250; Herman, Estoppel, §152; Black, Judgments (2d ed.), §§588, 589; Freeman, Judgments (4th ed.), §§174, 179.

It is said in Van Fleet, Former Adjudication, §572: "If A, as between himself and B, is primarily liable upon an alleged cause of action held by C, or is responsible over to B for any judgment recovered against him by C, and C sues A in the first instance and is defeated on the merits, he can not afterwards sue B. If he could, A would be compelled to defend twice against the same action—once for himself and once for B.    *    *    *    If a town is sued for injuries caused by an obstruction wrongfully placed in a street by a person, he may be notified to defend, and, in such case, he will be bound by the judgment. Therefore, if he is sued in the first instance and defeats the case, the town may plead this judgment in bar of an action against it; otherwise the wrongdoer would have to defend the same action twice." It follows that the court erred in sustaining appellee's demurrer to the second and fourth paragraphs of answer.

As the other questions argued may not arise on another trial, they are not considered.

Judgment reversed, with instructions to overrule the demurrers to the second and fourth paragraphs of answer, and for further proceedings not inconsistent with this opinion.