HOME BREWING COMPANY *v.* CITY OF INDIANAPOLIS.

[No. 9,957.    Filed June 25, 1919.]

1. APPEAL.—*Review.—Ruling on Motion for Judgment on Interrogatories.—Scope of Review.*—In determining whether the trial court erred in overruling motion for judgment on interrogatories, the court on appeal will consider only the complaint, the general verdict, and the interrogatories, together with the answers thereto. p. 679.

2. APPEAL.—*Review.—Verdict.—Answers to Interrogatories.—Presumptions.*—In reviewing the trial court's ruling on a motion for judgment on the interrogatories, all reasonable presumptions should be indulged in favor of the general verdict over the answers to interrogatories. p. 679.

3. MUNICIPAL CORPORATIONS.—*Defective Sidewalks.—Damages for Personal Injuries.—Recovery Over by City.*—Where a sidewalk is rendered unsafe by the wrongful act or negligence of a third party, and the city is compelled to respond in damages for injuries resulting from the defective condition, it has a right of action against the party responsible for the condition of the sidewalk for the amount it has been compelled to pay. p. 680.

4. MUNICIPAL CORPORATIONS.—*Defective Sidewalks.—Personal Injuries.—Indemnity.—Adjudication as Against City.—Conclusiveness as Against Indemnitor.—Estoppel.*—Where a city, primarily liable to a pedestrian for injuries due to a defective sidewalk, notifies the person responsible for the defect of the action against it, such person will be bound by the judgment rendered against the city, but will not be estopped from showing that he was under no obligation to keep the street in safe condition and that the accident did not occur through his fault. p. 680.

5. MUNICIPAL CORPORATIONS.—*Defective Sidewalk.—Personal Injuries.—Indemnity.—Wrongful Use of Sidewalk.—Liability.*—Where a saloonkeeper rolled beer kegs over a sidewalk to an elevator therein for a period of several years, and, as a result of the wear incident to such practice and the use of the walk by the general public, a depression was caused which resulted in injury to a pedestrian for which the city was compelled to respond in damages, the use of the sidewalk by the saloonkeeper was not wrongful so as to render him liable to the city. p. 680.

6. MUNICIPAL CORPORATIONS.—*Streets and Sidewalks.—Duty to Repair.—Personal Injuries.—Liability.*—The duty of repairing streets and sidewalks is upon the city, and abutting property own-

MAY TERM, 1919. 675

Home Brewing Co. *v.* City of Indianapolis—70 Ind. App. 674.

ers and persons using the street in a legitimate way are not liable to a person injured by reason of defects resulting from the use of the street, unless such use is wrongful and unlawful. p. 681.

From Shelby Circuit Court; *Alonzo Blair,* Judge.

Action by the City of Indianapolis against the Home Brewing Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*J. W. Fesler, Harvey J. Elam, Howard S. Young* and *Meiks & Hack,* for appellant.

*William A. Pickens, Walter Myers, Russel J. Ryan, Edward W. Hohlt, Adams & Jones,* and *Paul G. Davis,* for appellee.

NICHOLS, P. J.—This was an action by the appellee city of Indianapolis against the appellant Home Brewing Company commenced in the Marion Circuit Court, and finally tried on change of venue in the Shelby Circuit Court. It was to recover $2,000, with interest and costs, which the city of Indianapolis had paid upon a judgment for that amount which one Mattie Crawford had obtained against the city as damages for injuries received when she stepped into a depression in the sidewalk in front of lands in Indianapolis owned by the appellant.

The complaint is in substance as follows: The appellant was a corporation engaged in the manufacture and sale of various kinds of beer, and as a part of its operations owned land in the city of Indianapolis, described as 39 South Delaware street, which it occupied with a saloon. On September 5, 1913, Mattie Crawford was injured by means of a defect in the sidewalk immediately in front of said lands by stepping into such defective place, which was about two feet long, a foot and a half wide, and two or three

676     APPELLATE COURT OF INDIANA,

Home Brewing Co. *v.* City of Indianapolis—70 Ind. App. 674.

inches deep, and was located about three inches west of an offset in the sidewalk, and an opening in the surface thereof, which was for an elevator running from the surface of the sidewalk to the basement of such premises, which was used, owned and controlled by the appellant for the purpose of conveying kegs of beer delivered by the appellant in front of the building on said lands, such beer being transferred from delivery wagons by a chute, and carried of its own motion to the edge of the raised place in the sidewalk, and from there placed on such elevator; and all kegs of beer taken from the premises were raised from the basement to the sidewalk at this point and taken away by the appellant. Said defective place was about seven feet northwest of the entrance to the saloon. By reason of the use which appellant made of the sidewalk said hole was caused to exist, with full knowledge of the appellant at all times of its existence, and appellant allowed the same to remain open and dangerous to persons using the sidewalk for ordinary travel without attempting to warn them of the dangerous condition, and appellant continued on and prior to said date to use such sidewalk in the manner aforesaid. Mattie Crawford was walking along such sidewalk, and stepped into such hole or defect, and was seriously injured. She gave notice to the appellee of her intention to hold the city responsible for damages for such injuries, and on December 19, 1913, filed her suit against the appellee in the Marion Circuit Court, which cause was assigned to the Marion Superior Court, room 1, and there set for trial, notice of which was given to the appellant by the appellee to appear and defend such action, which appellant refused and neglected to do. Appel-

lee defended such action, and on January 14, 1915, said Mattie Crawford recovered judgment against the appellee, by reason of the negligence of the appellant aforesaid, in the sum of $2,000, which appellee was compelled to pay, and did pay on April 23, 1915, together with six per cent. interest and costs, all of which was without the fault or negligence of the appellee. There was a demand for judgment in the instant case for the amount which appellee was compelled to pay as aforesaid.

The cause was first submitted to a jury for trial, which disagreed and was discharged, and thereafter on change of venue the cause was sent to the Shelby Circuit Court, where there was a trial by jury, which returned a verdict in favor of the appellee and against the appellant for $2,245.23. The jury also answered interrogatories submitted to it, which, in narrative form, found the following facts:

On September 5, 1913, there was a hole in the east sidewalk of South Delaware street in the city of Indianapolis, Indiana, in front of the premises known as 39 South Delaware street, which was two feet long, one foot and a half wide, and three inches deep at its deepest point, which was in the middle. It sloped up from the deepest point to the edge. This hole started to wear in the sidewalk about four years before September 5, 1913, and gradually grew larger from wear until said date. It was about six inches west of an elevator used for lowering beer and other articles to the basement of said premises. The level of the elevator when raised was about six inches above the sidewalk level. The premises were occupied by Christian Reis, and had been so occupied by him for eight years prior thereto, for saloon purposes. Said Reis

bought his beer of the appellant, who delivered the same in kegs by wagon, and unloaded it for said Reis at the Delaware street curb. In unloading the kegs they were unloaded from the wagon to a mat or cushion on the sidewalk near the curb, and then rolled six or eight feet across the sidewalk to the elevator opening, and then raised and placed on the elevator. The empty beer kegs were raised from the basement on the elevator, and were then lowered from the elevator to the sidewalk, and rolled across the sidewalk and lifted into the appellant's wagon. The deliveries of beer made by appellant were not by means of a slide or chute from the delivery wagon to a point in front of the sidewalk to the elevator where the hole was. Soft soap in barrels, pickles in barrels, sourkraut in barrels, whisky in barrels, bottled wines and liquors, and ice in 100 and 200-pound pieces were delivered to said Reis at the Delaware street curb and lowered to the sidewalk, rolled across the same and placed on the elevator. None of these deliveries were made by the appellant. The effect of all these deliveries, removals and uses was to gradually wear the hole complained of in the sidewalk in front of the elevator. The point where the hole complained of was located is in the business portion of the city of Indianapolis, where a large number of people were walking every day on and over said sidewalk on said east side of Delaware street.

In loading and unloading said elevator it was necessary to use the sidewalk of said Delaware street at the spot where the hole complained of was worn. The appellee was sued February 14, 1914, having been notified of the accident in November, 1913. The appellee undertook to defend such suit, first notifying

the appellant that it expected the appellant to pay any judgment that might be rendered against it. This notice was when the appellant participated in the preparation for the trial. The trial began January 8, 1915, and said Mattie Crawford was injured September 5, 1913. It was provided in the lease that the tenant was to make the repairs, such repairs being on the building only. When the hole first appeared it was very small and gradually wore bigger as the sidewalk was used. The kegs of beer delivered by appellant were so delivered in the regular course of business, and the hole in question was about six feet from the curb.

The appellant filed its motion for judgment in its favor on the interrogatories and answers thereto, notwithstanding the general verdict, and thereafter within thirty days filed its motion for a new trial. The court overruled appellant's motion for judgment on answers to interrogatories, and also overruled its motion for a new trial, and thereupon entered judgment in favor of the appellee, and appellant now prosecutes this appeal from said judgment.

In determining whether the trial court erred in overruling appellant's motion for judgment in favor of appellant on the interrogatories and answers 1-2. thereto, this court considers only the complaint, the general verdict and the interrogatories, together with the answers thereto. All reasonable presumptions should be indulged in favor of the general verdict, and nothing will be presumed in favor of the answers to interrogatories.

If a city sidewalk is rendered unsafe by the wrongful act or negligence of a third party, and the city, by

reason of its primary liability, is compelled to respond in damages for injuries caused by such unsafe condition, it has a right of action over against the party so rendering the sidewalk unsafe for the amount which it has been compelled to pay, and if the party so causing the unsafe condition is properly notified of such action against the city, the injuring party will be bound by the judgment against the city (*City of Anderson* v. *Fleming* [1903], 160 Ind. 597, 602, 67 N. E. 443, 66 L. R. A. 119; *City of Bloomington* v. *Chicago, etc., R. Co.* [1913], 52 Ind. App. 510, 98 N. E. 188; *Town of Centerville* v. *Woods* [1877], 57 Ind. 192), but, in order that the city may recover, it must appear that the unsafe condition of the sidewalk has been brought about by the *wrongful act* or *omission* of such alleged injuring party (*Town of Centerville* v. *Woods, supra*), and such alleged injuring party will not be estopped from showing that he was under no obligation to keep the street in a safe condition, and that it was not through his fault that the accident occurred. *Catterlin* v. *City of Frankfort* (1881), 79 Ind. 547, 41 Am. Rep. 627. There is no charge in the complaint in this action that the appellant had made any wrongful use of the sidewalk. It was engaged in a business that at the time was lawful, and it had a right under the law to deliver to its customers its merchandise over and upon the sidewalks of the city. There is no violent or improper act charged in the complaint as to its method of delivery, unless it may be said that the charge of transferring its kegs of beer from its delivery wagon to chutes, and then allowing it to reach the sidewalk by its own motion, was an improper and violent use of its privi-

MAY TERM, 1919. 681

Home Brewing Co. *v.* City of Indianapolis—70 Ind. App. 674.

lege, and this method of delivery is denied by the jury's answers to interrogatories. The use of the sidewalk for the purpose of delivering its merchandise was in common with a similar use of the sidewalk made by a number of other persons. The defect in the sidewalk was not a result of any affirmative wrongful act on the part of the appellant, but was the result of the continuous use thereof for four years or more by this appellant and others, including the general public walking over such sidewalk, which continuous use for four years resulted in the defect complained of. All of these uses made of the sidewalk were proper and legitimate, and such uses produced the gradual wear which resulted in the defect complained of.

The duty of repairing streets and sidewalks is upon the city, and not upon the abutting property owners, or upon the persons using such streets or sidewalks in a legitimate way, and such abutting property owners and such persons so using the street are not liable to a person injured by reason of the defect produced by such uses, unless such uses were wrongful and unlawful. *City of Elkhart* v. *Wickwire* (1882), 87 Ind. 77 ; *Town of Centerville* v. *Woods, supra; City of Bloomington* v. *Chicago, etc., R. Co., supra.*

It appears by the answers to interrogatories that the appellant had not made an improper or wrongful use of the sidewalk, and, it not being appellant's duty to repair the same, appellant's motion for judgment in its favor upon the answers to interrogatories should have been sustained.

The judgment is reversed, with instructions to the trial court to sustain appellant's motion for judgment on the answers to interrogatories.