CITY OF EVANSVILLE, INDIANA, ET AL. *v.* CUNNINGHAM.

[No. 19,568. Filed November 24, 1964. Rehearing denied December 30, 1964. Transfer denied June 30, 1965, with opinion reported in 208 N. E. 2d 476. Rehearing on denial of transfer denied November 3, 1965, with opinion reported in 211 N. E. 2d 171.]

*Jerome L. Salm, Raymond P. Knoll* and *K. Wayne Kent,* of Evansville, for appellant, City of Evansville, and *Bamberger, Foreman, Oswald and Hahn,* of Evansville, for appellants, Agnes J. Craig and Silverius J. Craig.

*Joseph B. Minor* and *James Y. Wood,* of Evansville, for appellee.

HUNTER, J.—This cause was initiated in the Vanderburgh Circuit Court by the plaintiff-appellee, who filed a complaint against the appellants City of Evansville and Silverius J. Craig and Agnes J. Craig d/b/a Craig Poultry Company for damages sustained when she (appellee) fell and was injured on the sidewalk in front of appellant Craigs' place of business. The cause was venued to the Warrick Circuit Court, and at the conclusion of the trial, the jury returned a verdict for the plaintiff-appellee against the appellants jointly. The trial court overruled the appellants' motions for new trial, and this appeal followed in due course.

The appellee alleged as the basis for her cause of action in the lower court that the appellants had been negligent in damaging and failing to repair the sidewalk in front of the Craig Poultry Company, which negligence was the alleged proximate cause of the appellee's injuries. The testimony presented by the parties to the cause evidenced the fact that the appellant Craig had used the sidewalk as a mode of ingress and egress to the loading dock of the building, and further exemplified that other parties including city vehicles had traveled upon the surface of the sidewalk for various purposes. The appellee contended that the action of Craig caused the destruction of the surface of sidewalk, and rendered

Craig liable for resultant damages. In addition, the appellee contended that the failure of the appellant City of Evansville to properly inspect and repair the sidewalk in question resulted in liability on the part of the appellant City of Evansville for the appellee's injuries.

Determination of this appeal has been burdensome causing unusual delay. There were a great number of errors assigned to be reviewed, none of which were waived by appellants at the oral argument of this cause. The alleged errors, totaling eighty-eight (88) in number have been separately considered and only the pertinent ones will be discussed in this opinion.

The appellant City of Evansville has submitted a separate brief discussing its alleged errors. One such error alleged is the giving of appellee's Instruction No. 11, which is in words as follows, to wit:

### "Instruction No. 11

You are instructed that since the defendant, City of Evansville, is a municipal corporation, it can only act through its officers, agents and employees, *and it is not necessary for the plaintiff, in order to recover damages from the defendant, City of Evansville, to prove that said defendant committed any of the acts or omissions charged in the complaint as negligence.* If you find that any such acts or omissions were committed by officers, agents or employees of the said defendant and that at the time of committing such acts or omissions such officers, agents or employees were engaged in performing some duty within the scope of their employment by said defendant, then I instruct you that the defendant, City of Evansville, will be held responsible for the consequences of such acts or omissions the same as though the defendant had committed said acts or omissions itself."

The language beginning with the word "and" in the first sentence to the end of that sentence is an erroneous statement of the law in that such phrase in effect states that the City of Evansville is an insurer. A reading of the whole first sentence leaves this impression.

*"You are instructed that it is not necessary for the plaintiff to prove that the City of Evansville committed any of the acts or omissions charged in the complaint to recover damages from said defendant."*

The whole instruction was probably meant to apprise the jury as to the law of agency in regard to the city's liability for *omissions or negligent acts* of its employees. However, the insertion of the phrase proclaiming absolute liability of the city as a premise at the very least, presents a confusing picture of the law to the jury.

The instruction is therefore erroneous and thereby presumed to be prejudicial unless the appellee shows by the record that appellant was not harmed thereby. *Hayes Freight Lines* v. *Wilson* (1948), 226 Ind. 1, 77 N. E. 2d 580; *Automobile Underwriters, Inc.* v. *Smith* (1956), 126 Ind. App. 332, 133 N. E. 2d 72; *Hatton* v. *Hodell Furniture Co.* (1920), 72 Ind. App. 357, 125 N. E. 797; *National Motor, etc., Co.* v. *Pake* (1915), 60 Ind. App. 366, 109 N. E. 787. Appellee has made no such showing and the giving of instruction No. 11 is therefore presumed to be prejudicial error.

The appellant Craig has presented sixty (60) causes for new trial in his motion for new trial filed in the trial court, and has discussed a substantial number of these alleged errors in its brief. Craig vigorously contends in its discussion of the assignment of errors that numerous actions of the court were prejudicial to its interests.

The appellant Craig assigns as error the giving of several instructions tendered by the appellee and by the appellant City of Evansville, and further assigns as error the refusal by the trial court to give certain instructions tendered by Craig. The giving of the appellee's Instruction No. 7 is one such error assigned. The challenged instruction reads as follows:

"If you should find from a fair preponderance of the evidence that the Craigs through their employees and

agents caused their trucks to be driven over the public sidewalk abutting on their property and that as a result of said trucks being driven over said sidewalk, same was crushed, broken, and pitted with holes then you are instructed that the Craigs would be primarily liable for any damages resulting from their acts and if said condition existed long enough to provide the City with notice of said defects then the City of Evansville would also be liable for any damages resulting from its failure to repair same after it had notice."

Instruction No. 7 seems to place liability upon the defendant Craig, by reason of the fact that it caused, or permitted, its trucks to be driven over the public sidewalk. The undisputed evidence here is that the only time any truck, or trucks, were driven over the sidewalk was when it was shown that they were being serviced or unloaded, or handling merchandise, which was being sold by the defendant Craig. Such a use of the public sidewalk is permitted to the abutting owner and there is no law, statutory or otherwise, to the effect that an abutting property owner may not use a public sidewalk in connection with his business. Further, there is no evidence in the record that the use by the defendant Craig of the public sidewalk in question was either unreasonable, or unlawful.

The initial phraseology especially, of the instruction conveys a strong inference to the jury that Craig had no right to drive its trucks upon the surface of the sidewalk. The prevailing law in this jurisdiction does not, however, support this inference. In *Home Brewing Co.* v. *City of Indianapolis* (1919), 70 Ind. App. 674, 123 N. E. 721, this court specifically upheld the right of a business

". . . to deliver to its customers its merchandise over and upon the sidewalks of the city."

This right is also sustained in *Andrews* v. *City of Marion* (1943), 221 Ind. 422, 47 N. E. 2d 968, wherein our Supreme Court held that:

"The right of ingress and egress includes the right to stop vehicles in front of the appellant's property for the purpose of loading and unloading passengers and merchandise, . . ."

The right of ingress and egress for purposes of delivery having been specifically sustained, it is obvious that this rule must be sufficiently broad to include deliveries such as those of the Craig Poultry Co., in which the delivery vehicle must gain a close proximity to the building entrance because of the bulk of the merchandise being delivered. Inasmuch as precedent and reason specifically protect the right of a business to use the sidewalk in front of its place of business for delivery, *Home Brewing Co. v. City of Indianapolis, supra,* it is the opinion of this court that the above cited instruction was improperly constructed, and was prejudicial to the interests of the appellant Craig.

The appellant Craig contends that the court erred in giving appellant City of Evansville's Instruction No. 5, which reads as follows:

"The jury is instructed that when a party, without the consent of the authorities of a city, tears up and leaves a sidewalk in a dangerous condition and a person is thereby injured, the city will not be liable for such injuries unless the plaintiff proves by a fair preponderance of the evidence that the authorities have actual notice of the dangerous condition of said sidewalk, or that it has remained in such dangerous condition for a sufficient time so that, in the exercise of ordinary care, they ought to have known of said condition."

Instruction No. 5 in effect states that when a party without the consent of the authorities of the city tears up and leaves a sidewalk in a dangerous condition, and a person is thereby injured the city will not be liable for such injuries unless the plaintiff proves that the city had notice. There is no evidence in the case at bar that anybody tore up the sidewalk in question. The only evidence that could even infer any negligent conduct on the part of the defendants is with

respect to the use of the sidewalk. Instruction No. 5 gives the connotation and advises the jury that there was a positive or affirmative act of tearing up a sidewalk. There is no evidence in the case at bar whatsoever that the defendants, Craig, or anyone else, tore up the sidewalk and left it in a dangerous condition.

The case of *Hayes Freight Lines* v. *Oestricher* (1946), 117 Ind. App. 143, 66 N. E. 2d 612 supports the contention that the above-quoted instruction was improper. This court, in the above-cited case stated that

> ". . . if an instruction is given concerning a fact or set of facts to which no evidence has been adduced, it will be reversible error unless it clearly appears that the party affected was not harmed thereby. (Cases cited)."

A thorough review of the evidence presented in this cause fails to reveal any testimony indicating that Craig engaged in any act of "tearing up" the sidewalk in front of the appellants' place of business. In fact, the above-quoted instruction, as stated, is *completely outside the scope of the evidence* presented at the trial.

Inasmuch as the record lacks any evidence to support the contention of the appellant City of Evansville of a wrongful act on the part of the appellant Craig, it is the opinion of this court that the rule established in *Hayes Freight Lines* v. *Oestricher, supra,* is controlling. The instruction complained of leaves a strong implication of wrongful conduct on the part of Craig, and inasmuch as there was no evidence to sustain such an inference, the giving of appellant City of Evansville's Instruction No. 5 was erroneous.

Craig further contends that the trial court erred in refusing to give its Instruction No. 16 to the jury, which instruction read as follows:

> "You are instructed that the duty of repairing streets and sidewalks is upon the City and not upon abutting property owners using such streets and sidewalks in a legitimate manner and that such abutting property owners are not

liable to a person injured by reason of a defect produced or caused by such uses."

Appellant Craig has cited the case of *Home Brewing Co.* v. *City of Indianapolis, supra,* in support of its contention that the above-quoted instruction should have been given. The instruction as tendered was a correct statement of law, and it was pertinent to the issues formed by the pleadings and the evidence presented. The basic rule is further supported by the cases of *The City of Elkhart* v. *Wickwire* (1882), 87 Ind. 77 and *The Town of Centerville* v. *Woods et al.* (1877), 57 Ind. 192. It is the opinion of this court that the appellant Craig properly requested that the jury be instructed with respect to the burden of the duty of repairing the sidewalk, and the refusal of the trial court to so clearly instruct the jury was prejudicial to the interests of Craig.

This court having heretofore determined that the trial court erred in giving the appellee's Instructions No. 7 and 11, the appellant City of Evansville's Instruction No. 5 and in refusing to give appellant Craig's Instruction No. 16, this cause is now therefore reversed and remanded to the trial court. The trial court is instructed to sustain the appellant Craig's and the City of Evansville's motions for new trial and further to proceed consistent with the conclusions stated herein.

Judgment reversed.

Kelley, P. J., Mote and Pfaff, JJ. concur.

NOTE.—Reported in 202 N. E. 2d 284. Transfer denied in 208 N. E. 2d 476. Rehearing on denial of transfer in 211 N. E. 2d 171.