## JESTER ET AL. *v.* GUSTIN ET AL.

[No. 19,815.    Filed April 3, 1902.]

PLEADING.—*Foundation of Action.—Debt Due Ancestor.—Bequest.*—In an action for the contract price of real estate, payable at the death of grantor, bequeathed to plaintiff, the promise to pay is the foundation of the action, and the will bequeathing the debt to plaintiff need not be made part of the complaint.    *pp. 288–290.*

DESCENT AND DISTRIBUTION.—*Executors and Administrators.—Wills.*—Where a husband by the terms of his will gave all of his property to his wife for life and the portion remaining at her death to certain residuary legatees, the portion remaining at the death of the widow remained a part of the estate of testator, and the widow's administrator had no authority or control over the same.    *pp. 290, 291.*

SAME.—*Action for Debt Due Ancestor.—Wills.*—A complaint for the balance of purchase money of real estate, payable at the death of grantor, bequeathed to plaintiff, which shows that there were no debts against the estate of the testator, nor any administrator, executor, creditor, legatee, widow, or other person, except plaintiff, entitled to recover the same, is sufficient.    *pp. 291, 292.*

From Madison Superior Court; *H. C. Ryan,* Judge.

Action by Mahlon Gustin and others against John M. Jester and others to recover part of purchase money of real estate which was conveyed to defendants and a por-

tion of the purchase money thereof, payable at death of grantor, bequeathed to plaintiffs. From a judgment for plaintiffs, defendants appeal. Transferred from the Appellate Court under §1337u Burns 1901. *Affirmed.*

*E. B. Goodykoonts, G. M. Ballard* and *B. H. Campbell,* for appellants.

*J. C. Shuman, D. W. Wood* and *W. S. Ellis,* for appellees.

Monks, J.—Appellees brought this action against appellants to recover their share of the purchase money for real estate conveyed to appellants by John Richardson and wife. The cause was tried by a jury, and a verdict returned in favor of appellees, and over a motion for a new trial judgment was rendered against appellants.

The errors assigned and not waived call in question the sufficiency of the complaint and the action of the court in overruling appellants' motion for a new trial. Appellants concede that the paragraphs are substantially the same, except that the second paragraph seeks to enforce a vendor's lien against the real estate sold and conveyed to appellants by Richardson and wife. Under this concession, we will consider the sufficiency of the second paragraph only.

It is alleged in the second paragraph that in 1872 John Richardson and Ruth, his wife, sold and conveyed forty-five acres of land in Madison county to appellants John M. Jester and Emeline Jester, his wife, for the sum of $2,500; that afterwards said Richardson and wife sold and conveyed to appellant John M. Jester thirty-five acres of land in said county for $1,500; that it was agreed that no part of the purchase money for said land should be paid until after the death of the grantors, and said purchase money was to draw interest at the rate of six per cent. per annum until paid. In 1888 said Richardson died testate in Madison county, Indiana. Said will was duly admitted to probate in said county. By the terms of his will he gave his

widow, Ruth Richardson, who survived him, all of his property during life, and provided that she should have "no power to dispose of, give, or alienate the same in any way beyond what was necessary for her comfortable support," and that at her death whatever remained of his estate should go, one-third to appellant Emeline Jester, one-third to Caroline O'Bryant, daughters of said testator, and one-third to appellees, his grandchildren, who were the children of his deceased daughter, L. D. Gustin.   On January 7, 1889, appellant John M. Jester was appointed administrator with the will annexed of the estate of John Richardson, and paid all the debts and liabilities of the estate, and on the 28th day of March, 1892, was discharged from his trust; but the consideration for said real estate and interest thereon remained unpaid in the hands of appellants.   That in 1897 said Ruth Richardson died intestate, and her estate has been fully settled up.   That, before the death of said Ruth Richardson, appellants settled with and paid Caroline O'Bryant her one-third of the purchase money for said land, and also settled with and paid Emeline Jester for her one-third of said purchase money, when the will provided that said legatees should not be paid until after the death of said Ruth.   That at the death of said Ruth Richardson, and after her estate was fully settled, there was left in the hands of said appellants the one-third part of said purchase money, with the interest thereon, but appellants have failed and refused to pay or account for the same to appellees, although often requested so to do.   That there is now due and unpaid to appellees, principal and interest, as their one-third share of said purchase money, the sum of $2,500. Prayer for personal judgment against appellants, and that the same be declared a lien on the real estate which is described in the complaint.

The first objection to the complaint is that it is insufficient, for the reason that the will of John Richardson was

not filed with and made a part thereof, as provided in §365 Burns 1901, §362 R. S. 1881 and Horner 1901. The foundation of this action is the oral promise on the part of appellants to pay John Richardson the contract price for said real estate after the death of said Richardson, with six per cent. interest. If that contract had been in writing, under §365 (362), *supra,* the same should have been filed with and made a part of the complaint. When the maker of a promissory note is sued thereon by the indorsee, it is not necessary to make such indorsement a part of the complaint by filing a copy thereof with the complaint, or in any other manner. *Short* v. *Kerns,* 95 Ind. 431; *Treadway* v. *Cobb,* 18 Ind. 36; *Tilman* v. *Harter,* 38 Ind. 1; *Keller* v. *Williams,* 49 Ind. 504; *Kline* v. *Spahr,* 56 Ind. 296. So, here, appellees claim title or right to recover on said oral contract of appellants with Richardson, under the will of said Richardson, as his residuary legatees. Said will is not, therefore, the foundation of the action, and within the meaning of §365 (362), *supra.* As well claim, in actions involving title to real estate or personal property, or for partition of real estate, when title thereto is claimed under a deed, or will, or other writing, that a copy of the same must be filed with and made a part of the complaint. It is well settled that it is not necessary to the sufficiency of a pleading in such actions that a copy of the will, deed, or other instrument under which title is claimed be made a part thereof. Such instruments may be evidence of title, but they are not the foundation of the action or defense. *Black* v. *Richards,* 95 Ind. 184; *Whipple* v. *Shewalter,* 91 Ind. 114; *Boyd* v. *Olvey,* 82 Ind. 294; *Ragsdale* v. *Parrish,* 74 Ind. 191; *Schori* v. *Stephens,* 62 Ind. 441, 449; *Noble* v. *McGinnis,* 55 Ind. 528, 534.

It is next claimed by appellants that under no circumstances can appellees, as legatees under the will of John Richardson, sue and recover from them what they may owe the estate of said John Richardson for the unpaid purchase

money of said real estate.  The demurrer to the complaint for want of facts admits that the will of John Richardson gave appellee the one-third and appellant Emeline Jester one-third and Caroline O'Bryant the other one-third of all his property remaining at the death of his wife, Ruth Richardson; that appellant was appointed administrator with the will annexed of the estate of John Richardson in 1889; that he paid all the indebtedness of said estate, and, upon filing an account and settlement of such disbursements, he was in 1892 discharged from his trust as such administrator; that after said accounting said purchase money and interest were unpaid, and Ruth Richardson was entitled to the income thereof during her natural life, and also had the right to use so much of the principal as was necessary for her comfortable support; that before the death of said Ruth, appellants had settled with and paid to Emeline Jester and Caroline O'Bryant, two of the residuary legatees under said will, their shares as such legatees; that at the death of said Ruth there remained $2,500 of the purchase money of said real estate, and the interest thereon, due and unpaid, which appellees were entitled to recover from appellants.

The estate of John Richardson, willed to his widow during her life, and not disposed of for her comfortable support at her death, remained a part of the estate of John Richardson, and was to be distributed to his residuary legatees under his will.  Her administrator had no authority or control over the same.  At the time this action was commenced there were no debts against the estate of John Richardson; nor was there any administrator, executor, creditor, legatee, widow, or other person, except appellees, entitled to recover any of said purchase money.  This brings the case clearly within the rule declared in *Magel* v. *Milligan,* 150 Ind. 582, 585, 586, 65 Am. St. 382.  See, also, *Jewell* v. *Gaylor,* 157 Ind. 188; *Robertson* v. *Robertson,* 120 Ind. 333; 18 Am. & Eng. Ency. of Law (2nd ed.), 800, 801.  In *Holland* v. *Holland,* 131 Ind. 196, 199, cited

by appellants, there was no allegation that there was no executor, nor that the debts of the estate had been paid. Said case is not, therefore, in point here. The complaint was sufficient, therefore, to withstand a demurrer for want of facts.

It is insisted that the damages assessed were excessive, and that the verdict is not sustained by sufficient evidence, and is contrary to law. After a careful examination of the evidence we can not say that either of said causes for a new trial is sustained by the record.

Finding no available error in the record, the judgment is affirmed.