INDIANAPOLIS, GREENWOOD & FRANKLIN RAILROAD
COMPANY v. HUBBARD ET AL.

[No. 5,234.    Filed May 23, 1905.    Rehearing denied October 3,
1905.]

1.  APPEAL AND ERROR.—Verdict.—Evidence.—Inference.—Where
the facts tend to show directly or inferentially that the directors
of a corporation were notified of a meeting, a note executed at
such meeting will be held valid.    p. 161.

2.  EVIDENCE.—Corporations.—Special Meetings.—Directors.—No-
tice.—Where plaintiff has proved that the president of the cor-
poration said he would give notice of a special meeting to a cer-
tain director, and such president testifies that he did not give
such notice, it is competent to show that at such special meet-
ing such president when asked why such director was not pres-
ent, answered that such director "will agree to anything we do
to-day."    p. 163.

3.  SAME.—Admission of, to Discredit Witness.—Instructions.—
Where evidence is admitted for the purpose of discrediting a
witness, and the jury is instructed to consider it for no other
purpose, it will be presumed that the jury did not use it for
any other purpose.    p. 164.

4.  NEW TRIAL.—Rules for Granting.—The judgment below will
be affirmed unless it is made to appear that substantial justice
has not been done.    p. 164.

From Superior Court of Marion County (63,327) ; *James
M. Leathers,* Judge.

Action by Walter J. Hubbard against the Indianapolis,
Greenwood & Franklin Railroad Company and another.
From a judgment for plaintiff, defendant company appeals.
*Affirmed.*

*Charles S. Baker* and *Charles F. Coffin,* for appellant.
· *Groninger & Groninger* and *W. T. Brown,* for appellee
Hubbard.

COMSTOCK, C. J.—Appellee Walter J. Hubbard re-
covered judgment in the Superior Court of Marion County
against the appellant company, as principal, and appellee
Henry L. Smith as surety, on a note claimed to have been

executed September 21, 1897. It was contended by the appellant company that the note in question had never been duly executed and that it was and always had been void for the reason that its execution, if authorized at all, was authorized at a special meeting of the board of directors of appellant company from which meeting one member of the board, James T. Polk, was absent and had no notice of such meeting. It was also contended by appellant company that said note was altered materially after delivery by the addition thereto of the name of appellee Henry L. Smith. To these contentions on the part of the appellant, appellee Hubbard filed a general denial.

Appellant relies for a reversal of the judgment on the action of the court in overruling its motion for a new trial.

The principal question presented by said motion is whether the special meeting at which it is claimed the note in suit was executed was properly called. There is no dispute concerning the facts that John A. Polk was president of the corporation; that there was a special meeting of the board of directors on the 21st day of September, 1897; that James T. Polk was a director at said time and that he was not present at said meeting; that a section of the by-laws provides that the president may call special meetings of the board of directors. Was there any testimony tending to show that James T. Polk was notified of the meeting? Relative to the called meeting of the board of directors of appellant company which occurred on September 21, 1897, appellee Smith testified that within one week of the time of the meeting he had a conversation with John A. Polk in which he told him (Smith) to get the people in, and said that he would notify his cousin, James T. Polk, and have him up (they both lived in Greenwood, a few miles south of Indianapolis); and that at the time of the meeting when John A. Polk was asked, "Where is Mr. Jim?" he said: "Mr. Jim will agree to anything we do to-day." He testified further that

John A. Polk told him to get all the directors at the meeting on the 21st, and added: "I will be here and bring Jim with me;" that he told him to notify the directors to be present on the 21st, and they would have a special meeting to make a clearing up of all the old debts and make the contract; that he notified everybody—Hubbard, Elliott, Yule, John A. Polk, and Coffin, the legal adviser of the company; that he had a conversation with James T. Polk two or three days before the meeting in which he (Smith) referred to the meeting of September 21, 1897, saying in substance: "We want to fix up about this indebtedness. We are going to make a contract with Fisher of Detroit, and I want you to be down here to the office and we will fix it all up;" and that he (James T. Polk) said: "I will be there;" that he (Smith) told him where the meeting was to be, and that "We were on the eve of making a contract I was going to let go to George Fisher and Mr. Coffin —George E. Fisher & Company of Detriot, Michigan; I was going to let go all of my holdings for a price for the indebtedness of the road plus $7,500, I believe, which I was to receive; I told him that the president had called the meeting. I think that this was after John A. Polk told me to call this meeting. I do not remember any talk with James T. Polk after the meeting." Witness further said he (John A. Polk) did not confer any authority upon him to notify Jim, he said: "I will do that, and you get the balance of them together." John A. Polk testified that he did not notify James T. Polk, and James T. Polk testified that he received no notice from any one. John A. Polk testified that when Smith spoke to him about the meeting he told him to go to work and get the directors together.

The answers given by Smith were sometimes circumlocutory, and were not always directly responsive to the questions propounded, but they furnish evidence tending fairly to show that he notified James T. Polk of the time,

place and general purpose of the meeting. There is also evidence from which the jury were warranted in inferring that John A. Polk also notified James T. Polk of the meeting, and the jury so found. Juries have the right to draw reasonable inferences from the facts found. If the evidence tends to prove the essential facts involved in the case, it is sufficient. In this sense the verdict is not without support. *M. A. Sweeny Co.* v. *Fry* (1898), 151 Ind. 178; *Childers* v. *First Nat. Bank* (1897), 147 Ind. 430, and cases cited; *Lawrence* v. *VanBuskirk* (1895), 140 Ind. 481; *Robbins* v. *Spencer* (1895), 140 Ind. 483; *Bachman* v. *Cooper* (1898), 20 Ind. App. 163; *Heintz* v. *Mueller* (1901), 27 Ind. App. 42.

Appellant cites a number of cases holding that a judgment should be reversed when the verdict is not sustained by sufficient evidence. They are not in conflict with the cases cited.

It is insisted that the court erred in admitting in evidence the testimony of Smith, Yule and Hubbard relating to the statement of John A. Polk at the special meeting of the board of trustees September 21, 1897, as to the reason James T. Polk was not present at said meeting. It is claimed that this was error, because appellees had made no proof that John A. Polk notified James T. Polk, the absent director, and for this reason it was immaterial to discredit John A. Polk on this point. The testimony of John A. Polk, introduced by appellant, that he had not notified James T. Polk, was material. Appellees had introduced evidence that John A. Polk had said that he would notify James T. Polk. What he said upon that subject, being inconsistent with the statement that he had not notified him, was competent and material. *Shields* v. *Cunningham* (1820), 1 Blackf. 86; *Lawrence* v. *Lanning* (1853), 4 Ind. 194; *Seller* v. *Jenkins* (1884), 97 Ind. 430; *Martz* v. *Cook* (1900), 24 Ind. App. 433; *McAfee* v. *Montgomery* (1898), 21 Ind. App. 196.

The point is further made that the admission of this evidence was calculated to be used, and was used, by the jury as direct evidence of notice to James T. Polk.

3. We can not concede this claim. The jury were instructed that this evidence was not admitted for the purpose of proving that the alleged statements were true, or that James T. Polk was in fact notified by John A. Polk, and that they should not consider said evidence for any purpose other than as affecting the credibility of John A. Polk. It would be presumed that the jury regarded the instructions of the court.

In conclusion, it is the rule that appellate courts 4. should not grant a new trial unless it clearly appears from the record that substantial justice has not been done. Such fact does not appear.

Judgment affirmed.