## CHARTERS v. MILLER.

[No. 11,296. Filed November 6, 1922. Rehearing denied February 14, 1923. Transfer denied March 11, 1925.]

1. APPEAL.—*Appellate tribunal will adopt theory on which case was tried.*—The theory of the complaint on which the case was tried in the trial court will be adopted on appeal. p. 538.

2. BANKS AND BANKING.—*Evidence held sufficient to justify finding that cashier appropriated bonds.*—In an action against a bank and its cashier for misappropriating bonds of the plaintiff while in a safe deposit box rented from the bank, evidence *held* to justify a finding that the cashier misappropriated said bonds. p. 539.

3. EVIDENCE.—*Juries may draw reasonable inferences from facts proved.*—Juries have the right to draw reasonable inferences from the facts proved. p. 540.

4. APPEAL.—*Evidence tending to prove the essential facts of a case sufficient to sustain verdict for plaintiff.*—Evidence which tends to prove the essential facts of a case is sufficient to sustain a verdict for plaintiff based on such facts. p. 540.

5. APPEAL.—*Sufficiency of complaint not challenged in trial court cannot be challenged on appeal.*—Where the sufficiency of the complaint is not challenged in the trial court, it cannot be challenged on appeal. p. 540.

6. APPEAL.—*Instruction not erroneous when considered with other instructions given.*—In an action against a bank cashier for the appropriation of plaintiff's valuables while in a safe deposit box in the bank, an instruction that the plaintiff was entitled to recover if it had been shown by a preponderance of the evidence that his loss was sustained through the carelessness, negligence *or* dishonesty of the defendant was not erroneous when considered with other instructions given. p. 540.

7. APPEAL.—*Error in instruction as to measure of damages waived by not assigning excessive damages as ground for new trial.*—The error, if any, in an instruction directing the jury, in a tort action, to include interest if it found for the plaintiff, was waived by not assigning excessive damages as a ground for new trial. p. 541.

From Miami Circuit Court; *Joseph N. Tillett,* Special Judge.

Action by John H. Miller against Charles M. Charters and another. From a judgment for plaintiff, the named defendant appeals. *Affirmed.*

*Nott H. Antrim, James W. Noel* and *Hubert Hickam,* for appellant.

*Albert H. Cole* and *Shirley, Whitcomb & Dowden,* for appellee.

NICHOLS, P. J.—Action by appellee against appellant Charles L. Charters and the Citizens National Bank of Peru, Indiana, which bank intervenes in this appeal.

It is averred in the first paragraph of complaint that the Citizens National Bank of Peru was a corporation organized under the Banking Laws of the United States, and engaged in the general banking business in the city of Peru, Indiana; that appellant Charters was, until April 1, 1919, the duly elected and acting cashier of such bank; that, during all of said time, said bank kept in its vaults safe deposit boxes which it rented to its patrons and customers for a stipulated rental, and that about June 1, 1918, appellee rented one of said safe deposit boxes paying an annual rental of $3 therefor. Appellee thereupon placed therein valuable papers and property consisting of government bonds and other property of like character, and during the succeeding ten months placed other such valuable papers therein. By renting said boxes to appellee, the bank agreed to permit appellee to have the use of the same for one year from June 1, 1918, and to place therein such papers as he desired, and also agreed that, for such consideration, it would keep such property safely and would protect appellee from all loss thereof by reason of burglary or carelessness, negligence or dishonesty of such bank or any of its officers or employees in relation to the contents of such box, and that appellee should have access thereto and receive the contents or any part thereof upon demand at any time. Between June 1, 1918, and June 1, 1919, said bank, through and by its officers, agents and employees, carelessly, negligently and dishonestly removed and permitted to be removed

from said box so rented by appellee United States Government Bonds belonging to appellee of the aggregate value of $7,000, which bonds were so removed from said box while the same was under the control and in the care and custody of said bank in its banking room in the city of Peru, and said bonds so removed were either carelessly and negligently mislaid and lost or appropriated to their own use by such bank or its officers, agents and employees; that appellant Charters was, during all of said time, the duly elected and acting cashier of said bank, and was in active charge of its business and was in active charge and control, as such agent and employee of said bank, of said boxes rented by appellee, and had access thereto. That it was through and by the carelessness, negligence or dishonesty of said Charters, as such employee and officer, that the loss and appropriation occurred. Appellee has demanded of said Charters and said bank the return of the bonds so removed from said box, which demand has been refused by each of them, and appellee has also demanded the payment of the value of said bonds, which has been refused. There is a demand for judgment for $7,000.

· The allegations of the second paragraph of the complaint are substantially the same as the first. The second paragraph, however, pleads a receipt for $3, which was the consideration for the rent of the safe deposit box from June 1, 1918, to June 1, 1919. There is an attempt to make this receipt an exhibit to the second paragraph of complaint, but as such paragraph is not based thereon, it is not properly an exhibit. The third paragraph alleges a misappropriation by the bank and by appellant of money, checks and other property belonging to appellee. It is averred therein that appellee made payments upon bonds in the sum of $5,000 purchased by him, but that instead of applying such pay-

ments on said bonds, the bank and appellant wrongfully and without right applied such payments to their own use and that, by reason thereof, the bank and appellant were indebted to appellee in the sum of $5,000.

Answers to these paragraphs of complaint were by general denial. There was a trial by jury which resulted in a verdict of $2,000 in favor of appellee, from which judgment, after motion for a new trial was overruled, this appeal is prosecuted. The only error relied upon for reversal is the action of the court in overruling appellant's motion for a new trial. The reasons for such motion present questions which are hereinafter considered.

To sustain his contention that the verdict of the jury is not sustained by sufficient evidence, appellant says that the first and second paragraphs of complaint are clearly upon contract, and that appellee was not a party to any contract with appellant, and that if he is liable at all, he is only so in tort. An examination of the record, however, discloses that the theory of the first and second paragraphs of complaint sounding in tort was adopted by all the litigants and the trial court. This appears not only by instruction No. 1 given by the court on its own motion but by instructions Nos. 1, 3, 5, 8, 13, 14, 15, 16, 20, 20½, tendered by appellant and given by the court. The theory of the complaint upon which the case was tried in the trial court will be adopted by the appellate court. *Robbins* v. *Swain, Exr.* (1893), 7 Ind. App. 486, 34 N. E. 670; *Euler* v. *Euler* (1913), 55 Ind. App. 547, 102 N. E. 856; *Brink* v. *Reid* (1890), 122 Ind. 257, 23 N. E. 770; *Branson* v. *Studabaker* (1892), 133 Ind. 147, 33 N. E. 98; *Feder* v. *Field* (1889), 117 Ind. 386, 20 N. E. 129; *Flint & Walling Mfg. Co.* v. *Beckett* (1906), 167 Ind. 491, 18 L. R. A. (N. S.) 924.

We have then to determine as to whether the evidence is sufficient to sustain the allegations of the complaint upon the theory that it sounds in tort.

One of the questions of fact involved in the trial of the cause was as to whether appellant Charters had the extra key to appellee's box. It appears by the 2. evidence that there were two keys for each box. It was customary to give both keys to the renter. The bank kept a plug or blind key. The safety box could not be opened except by the use of one of the keys given to the renter and the bank's blind key. Appellant contends that there was no evidence that he had one of appellee's keys to the box. It is uncontroverted that he did have access to the plug or blind key. It is appellant's contention that appellee testified in his conditional examination taken several months before the trial, that the assistant cashier, one Mr. Potter, gave him the two keys at the time he rented the box, and that, because he could not take care of them at the time, he gave them back to Potter, and that the next day Potter returned one saying that the other was lost. But at the trial of the case, as appellant contends, appellee changed his testimony, saying that he did not remember whether it was Potter or Charters who gave him the keys and to whom he returned them, but thought that it must have been Charters. It appears by the evidence that, in the conditional examination, appellee, in answer to the question as to the person from whom he rented the box, answered: "I think from Guy Potter. I am not sure about that, that is my recollection." While, in the examination at the trial, in answer to the question as to the person with whom he dealt when he rented the box, he answered: "I am not sure whether it was Pete Charters or Guy Potter; it must have been Pete because he signed that receipt," and, in answer to further questions, he testified that by

"Pete," he meant Charters. Appellant himself, when questioned concerning the transaction of renting the box to appellee, testified as follows: "Q. And you rented this box to Mr. Miller? A. Yes, sir. Q. And you handled these keys at that time? A. I handed them to Mr. Miller; yes, sir." Appellee testified that he handed the keys back, and, as, by appellant's testimony, the transaction was with him, he is the one who must have received them. From this testimony and the surrounding circumstances, the jury found by the general verdict that appellant had the keys that would open appellee's box and thereby had an opportunity to take the bonds involved, and from these facts, it had a right to infer, and did infer, that appellant misappropriated appellee's bonds.

Juries have the right to draw reasonable inferences from the facts proved. If evidence tends to prove the essential facts involved in the case it is sufficient. *Indianapolis, etc., R. Co.* v. *Hubbard* (1905), 36 Ind. App. 160, 74 N. E. 535; *Beaman* v. *Cleveland, etc., R. Co.* (1922), 77 Ind. App. 633, 134 N. E. 510; *Riehl* v. *Evansville, etc., Co.* (1885), 104 Ind. 70, 3 N. E. 633.

Appellant complains of instruction No. 5 for the reason that it charges that the appellee may recover for his loss if it has been shown by a fair preponderance of the evidence "in a manner alleged in the first or second paragraph of complaint." It is averred in each of these paragraphs of complaint that the loss sustained by appellee was through and by the carelessness, negligence *or* (our italics) dishonesty of appellant. Appellant contends that as an officer or employee of the bank, he was not individually liable for carelessness and negligence; that he could not be held for mere nonfeasance; and that active participation in a wrongful act intentionally operating to the prejudice of ap-

pellee is required to give the right of recovery. But conceding, without deciding, that appellant is right in his contention, he did not challenge the complaint in the trial court in any way and he may not now complain of the use of such complaint at the trial; in other words, he may not challenge it here. No instruction was given to the jury that would have permitted a recovery for appellant's carelessness or negligence alone. An examination of instruction No. 5, complained of on this ground, discloses that in its interpretation of the complaint to the jury, the court construed it to aver that the loss was through the carelessness *and* dishonesty of appellant, and that, therefore, the element of dishonesty must be chargeable to appellant before there could be a recovery; that the court included dishonesty as a necessary element is apparent from the reading of the latter part of the instruction which applies to the third paragraph of complaint, in which, after stating that the same principle and rule involved in the first and second paragraphs of complaint was true as to the allegations of the third paragraph, the court states, in substance, that misappropriation of appellee's money was necessary to a recovery. We hold that the giving of instruction No. 5, taken as a whole, and when read with other instructions, was not reversible error.

Appellant complains of instructions Nos. 7 and 12, tendered by appellee and given by the court for the reason that they each direct the jury, in the event 7. that the finding should be against appellant, to include interest in the amount of the verdict, but there is no challenge of the verdict in the motion for a new trial for the reason that the damages assessed by the jury are excessive, and this error, if any, is therefore waived. *Carter* v. *Caldwell* (1915), 183 Ind. 434, 438. *Indianapolis, etc., R. Co.* v. *Sample* (1915), 58 Ind. App. 461, 479.

We do not regard instruction No. 15, tendered by appellee and given by the court, as subject to appellants' criticism. It is a fair expression of the principle of law which it seeks to enunciate. We find no reversible error.

The judgment is affirmed.