EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, *v.* CITIZENS NATIONAL BANK OF PERU.

[No. 12,217. Filed March 30, 1926. Rehearing denied June 30, 1926. Transfer denied October 5, 1926.]

1. APPEAL.—*Any error in overruling defendant's motion to stay proceedings was overcome by introduction in evidence of judgment of affirmance on appeal.*—In an action on an indemnifying bond issued to an employer to protect it against loss from fraud or dishonesty of its employees, any error in overruling a motion to stay proceedings therein on the ground that a judgment against the employer and an employee, on which the action was based, was pending on appeal, was overcome by the introduction in evidence of the judgment of affirmance. p. 174.

2. PLEADING.—Overruling a motion to strike out parts of a complaint is not reversible error. p. 176.

3. PLEADING.—*Motion to make complaint more specific by setting out judgment in former action was properly overruled.*—In an action on an employer's indemnity bond against loss by the dishonesty of employees, a motion to make the complaint more specific by setting out a judgment recovered against the plaintiff and a defaulting employee was properly overruled, as the foundation of the action was the indemnity contract and not the judgment in the former action. p. 176.

4. INSURANCE.—Complaint on an indemnifying contract insuring a bank against loss by the dishonesty of its cashier, required by §3854 Burns 1926, §3331 Burns 1914, *held* sufficient. p. 176.

5. INSURANCE.—*"Fidelity insurance" defined.*—"Fidelity insurance," as the term is generally employed, is a contract whereby

for a consideration, one agrees to indemnify another against loss from the want of honesty, integrity, or fidelity of employees or others holding positions of trust.  p. 178.

6.  INDEMNITY.—*Indemnitee may recover costs and expenses of suit against it.*—An indemnitee, who acted in good faith in defending an action against him in reference to a matter against which he was indemnified, is entitled to recover the expense of making the defense, including reasonable attorney fees and the court costs, especially where the indemnitor has been notified and given an opportunity to contest the litigation but fails or refuses to do so.  p. 179.

7.  INSURANCE.—*Paragraph of answer in action on employer's indemnity bond held insufficient.*—In an action on an employer's indemnity bond against loss by fraud or dishonesty of his employees, a paragraph of answer alleging that, at the time the indemnity contract was entered into, the plaintiff knew that his employees were dishonest and unfit persons to have in its employ, and concealed the facts from the defendant, was demurrable if it did not allege a return or tender of the premiums paid.  p. 180.

8.  PLEADING.—*Overruling motion to strike out paragraphs of reply held proper.*—There was no error in overruling motion to strike out paragraphs of reply which were not departures from the theory of the complaint and stated facts sufficient to avoid the paragraphs of answer to which they were addressed.  p. 180.

9.  PLEADING.—*Paragraph of reply held not to be a departure so as to make it subject to demurrer.*—In an action on an indemnity bond issued to a bank to protect it against loss by the dishonesty of its employees, based on the fact that a depositor had recovered a judgment against it and its cashier because of the loss of securities from a safety deposit box, a paragraph of reply alleging that the judgment was based solely upon the wrongful acts of the cashier was not a departure so as to render the reply subject to a demurrer.  p. 180.

10.  INSURANCE.—*Instruction that a bank could recover on an indemnity bond amount of judgment against it and its cashier for loss of depositor's securities, held proper.*—In an action by a bank on an indemnity bond to recover the amount of a judgment obtained against it and its cashier for loss of a depositor's securities, an instruction that the jury could consider whether the judgment was rendered against both the employer and employee because they were both primarily liable or whether the bank was liable only under the rule of *respondeat superior* was proper.  p. 181.

From Grant Circuit Court; *J. F. Charles,* Judge.

Action by the Citizens National Bank of Peru against the Employers' Liability Assurance Corporation, Limited. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Tillett & Lawrence* and *Rhodes & Rhodes,* for appellant.

*Albert H. Cole* and *Shirley, Whitcomb & Dowden,* for appellee.

THOMPSON, J.—On September 10, 1918, appellant and appellee entered into an indemnity contract whereby appellant obligated itself to pay to appellee such pecuniary loss of money or other personal property as it might sustain, as employer, through the fraud, dishonesty, forgery, embezzlement, wrongful abstraction, misapplication or misappropriation or other dishonest or criminal act of its listed employees, including its cashier Charles M. Charters. On June 18, 1921, a judgment was recovered against appellee and Charles M. Charters, by one John H. Miller, in the sum of $2,000 for money and bonds in the sum of $12,000 alleged to have been taken and appropriated by appellee and said Charters during the years 1917, 1918 and the early part of 1919. Charters appealed, and pending the appeal, the appellee paid said judgment and brought action against appellant on the indemnity contract to recover the amount paid to Miller, together with the amount paid out by appellee in attorney fees and expenses in defense of the action brought by Miller. From the judgment rendered in the action on the indemnity contract, this appeal is taken.

Appellee notified appellant of the action brought by Miller, and urged appellant to appear and defend said action, which appellant refused to do. Charters was represented by an attorney, and defended against said action. Appellee filed a complaint in one paragraph,

to which appellant filed a motion to stay proceedings. The motion was overruled, and appellant excepted. Appellant filed a plea in abatement which was stricken out on motion, to which ruling appellant excepted. Appellant then filed a motion to make the complaint more specific, which motion was overruled and appellant excepted. Appellant demurred to the complaint, which demurrer was overruled, and appellant excepted. Appellant filed answer in four paragraphs, to the second, third and fourth of which, appellee filed a demurrer. The demurrer was sustained, and appellant excepted. Appellant then filed its fifth and sixth paragraphs of answer, to which appellee filed reply in general denial and a second special reply. Appellant filed a demurrer to the second paragraph of reply, which was overruled, and appellant excepted. The cause was tried by a jury, and there was a verdict for appellee for $3,095.35. Appellant filed a motion for a new trial, which was overruled, with exception, and the court rendered judgment for the amount of the verdict and costs.

Appellant's second paragraph of answer alleged, in substance, that at the time the indemnity contract was entered into, the appellee's employees were known by the appellee to be dishonest and unfit persons to have in their employ, and to be liable to take and steal the appellee's money, and that the appellee concealed all the facts from appellant. The third paragraph alleged that after the indemnity contract was written, and before the appellee's employees took the money and property complained of, the appellee learned that they were dishonest and liable to take the appellee's money and bonds intrusted to the keeping of the appellee, and that they had, in fact, embezzled and stolen, abstracted and misappropriated, money and such property, and that appellee thereafter continued to keep them in their employ without notifying the appellant and that they

thereafter took the money and bonds referred to. The fourth paragraph is practically the same as the second except that it alleges that such knowledge was imputed to the appellee by reason of the fact that the records of the appellee showed and revealed the fact at the time the indemnity contract was written. The fifth paragraph of answer avers, in substance, that the loss complained of and the judgment referred to in appellee's complaint was a judgment recovered by Miller against the appellee and Charles M. Charters, as joint tort feasors, wherein it was adjudged that the appellee and said Charters had wrongfully taken and embezzled, misappropriated, wrongfully abstracted and misapplied, money belonging to him, Miller, which judgment was rendered in the Miami Circuit Court, and was appealed to the Appellate Court, and there confirmed, and which judgment the appellee has duly paid as a judgment against it on account of its fraudulent and dishonest acts and the conduct of said Charters. The sixth paragraph sets out substantially the same facts as the fifth, except more in detail, and it avers that the obligation herein sued on was fully paid and satisfied prior to the bringing of the action, and that the obligation sued on in appellee's complaint is not within the obligation contracted for in the indemnity contract.

The appellee replied to the fifth and sixth paragraphs of answer, first, by general denial, and second, by averring by way of avoidance, in substance, that the liability of said appellee herein, in said cause, wherein said judgment was rendered, was based solely upon the wrongful, fraudulent and negligent acts of said Charters, done and committed while he was an officer and employee of said appellee, and in the course of his employment as such.

Appellant has assigned the following errors: (1) The overruling of the motion to stay proceedings; (2) the sustaining of the motion to strike out the plea in

abatement; (3) the overruling of the motion to strike out parts of the complaint; (4) the overruling of the motion to make the complaint more specific; (5) the overruling of the demurrer to the complaint; (6) the overruling of the separate demurrer to the second, third and fourth paragraphs of answer; (7) the overruling of the motion to strike out the second paragraph of reply to the fifth paragraph of answer; (8) the overruling of the motion to strike out the second paragraph of reply to the sixth paragraph of answer; (9) the overruling of the demurrer to the second paragraph of reply to the fifth paragraph of answer; (10) the overruling of the demurrer to the second paragraph of reply to the sixth paragraph of answer; (11) the overruling of the motion for a new trial.

We will first consider the overruling of the motion to stay proceedings, and the sustaining of the motion to strike out the plea in abatement. The substance of each of these pleadings was, that on April 27, 1920, one John H. Miller commenced an action in the Miami Circuit Court against the Citizens National Bank of Peru and Charles M. Charters, and that such proceedings were had on May 4, 1921, at the close of the trial of said cause, the jury returned in open court the following verdict: "We the jury find for the plaintiff John H. Miller and against the defendants, Citizens National Bank and Charles M. Charters, in the sum of $2,000"; that a judgment was rendered on said verdict, and that such further proceedings were had in said cause that Charles M. Charters, on October 21, 1921, filed his appeal in said cause in the Appellate Court, and that reversible error was assigned in said appeal; that said Charles M. Charters was, for a number of years prior to the rendition of said judgment, an officer and cashier of said Citizens National Bank, and in said complaint was

charged with the misapplication of the funds and securities of said bank, and the wrongful appropriation thereof to his own use, and was charged with the wrongful appropriation of the funds and securities of the said John H. Miller to his, the said Charles M. Charters' own use, thereby permanently depriving said Miller of said funds, securities and moneys, and that said Citizens National Bank was liable for the acts of its employees and officials while they were engaged in the transaction of the business of said bank, and that this defendant, the Employers Liability Assurance Corporation, Ltd., further says that any and all sums of money that were heretofore paid by said bank to said John H. Miller in satisfaction of said judgment so rendered as above alleged against said bank and Charters, in said cause, and which judgment was rendered on account of Liberty bonds or money belonging to said John H. Miller and for which said bank was responsible, and which said bonds were adjudged in said judgment to have been lost through the fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction, misapplication, misappropriation, or other dishonest criminal acts or omissions of the said bank at the time of the loss as above alleged of said bonds and said money; that said bank had paid said judgment, and that said appeal is still pending in the Appellate Court, etc. As we view the situation from the record in this case, we are not called upon to pass on the ruling of the court in overruling the motion to stay proceedings, nor in sustaining the motion to strike out the plea in abatement, for if the court was wrong in its rulings, the error was overcome by appellant in introducing in evidence the judgment of the Appellate Court showing the affirmance of the judgment of the Miami Circuit Court. See *Charters* v. *Miller* (1922), 82 Ind. App. 535, 137 N. E. 67.

There was no error in overruling the motion to strike

176    APPELLATE COURT OF INDIANA,

Employers', etc., Assurance Corp. *v.* Citizens Nat. Bank—85 Ind. App. 169.

out parts of the complaint, nor in overruling the motion to make the complaint more specific, as the basis of this action is the contract of insurance and not the judgment in the Miller case. *Jester* v. *Gustin* (1902), 158 Ind. 287, 63 N. E. 471; *Corbin Oil Co.* v. *Searles* (1905), 36 Ind. App. 215, 75 N. E. 293.

In discussing the demurrer to the complaint, we call attention to cl. 5, §9161 Barnes Federal Code 1919, which, in speaking of the duties of the officers of a national bank, says: "To elect or appoint directors, and by its board of directors to appoint a president, vice president, cashier and other officers, define their duties, require bonds of them and fix the penalty thereof, dismiss such officers or any of them at pleasure, and appoint others to fill their places." This action is based on the insurance contract taken in pursuance of the provisions of the statute.

The complaint in this case alleges that soon after the case was commenced by Miller against Charters and the bank, the bank notified appellant and requested that appellant appear and take charge of and defend the case, which appellant refused to do. In the case of *United States Fidelity, etc., Co.* v. *Poetker* (1913), 180 Ind. 255, 102 N. E. 372, L. R. A. 1917B 984, the court says: "When appellant was requested to furnish a bond to the bank for its cashier it was bound to know the nature of the condition it would become liable upon if broken. It is, of course, to be conceded that a surety company may, in dealing with a private citizen, with a free hand, unhampered by statutory restrictions, make such a contract of suretyship as it chooses and guard and limit its liability by as many provisions as it pleases and if the one for whose benefit it is given accepts it in good faith, the surety is bound only according to the terms of the bond. But even in such a case the rule of *strictissimi juris,* which has

MAY TERM, 1926. 177

Employers', etc., Assurance Corp. *v.* Citizens Nat. Bank—85 Ind. App. 169.

been invoked for the benefit of private individual sureties who sign for accommodation and not for compensation, and which requires a strict construction of the contract in their favor and a resolution of all doubts in their favor, does not apply to the involved contract of a surety company which becomes surety for profit. In the latter case the rule is reversed and the contract, when there is room for construction, is to be construed most strongly against the surety and in favor of the indemnity which the obligee had reasonable ground to expect."

In the case of *Westfield* v. *Mayo* (1877), 122 Mass. 100, 109, 23 Am. Rep. 292, which was an action for damages paid by the plaintiff to Mary J. Hanchett for injuries sustained by her upon a highway which the plaintiff was bound to keep in repair, and also $150 expenses of the suit, including counsel fees, wherein it was agreed the amount paid was reasonable, if in law they were to be allowed, and in which case, the defendant was notified by the town of the original action and requested to defend, which he declined to do, the court said: "Whether counsel fees are natural and necessary, or remote and contingent, in the particular case, we think may be determined upon satisfactory principles; and, as a general rule, when a party is called upon to defend a suit, founded upon a wrong, for which he is held responsible in law without misfeasance on his part, but because of the wrongful act of another, against whom he has a remedy over, counsel fees are the natural and reasonably necessary consequence of the wrongful act of the other, if he has notified the other to appear and defend the suit. When, however, the claim against him is upon his own contract, or for his own misfeasance, though he may have a remedy against another and the damages recoverable may be the same

as the amount of the judgment recovered against himself, counsel fees paid in defense of the suit against himself are not recoverable.  *  *  *  In the present case, the plaintiff was not compelled to incur the counsel fees by reason of any misfeasance, or of any contract of its own, but was made immediately liable by reason of the wrongdoing of the defendant.  There seems therefore to be no grounds, in principle, by which it should be precluded from recovering as a part of its damages the expenses reasonably and properly incurred in consequence of the wrongdoing of the defendant. Within this rule a master, who is immediately responsible for the wrongful acts of a servant, though there is no misfeasance on his part, might recover against such servant not only the amount of the judgment recovered against him, but his reasonable expenses including counsel fees, if notified to defend the suit."

In 25 C. J. p. 1089, §§1 and 2, fidelity insurance is defined as follows:  "Fidelity insurance, as the term is usually employed, is a contract whereby one, for a consideration, agrees to indemnify another against loss arising from the want of honesty, integrity or fidelity of employees or others holding positions of trust."

"The contract is sometimes in a form very similar to that of a policy of insurance, while frequently it is in the form of a bond of indemnity.  It is sometimes issued upon the application of the employer and sometimes upon the application of the employee.  But whatever the form of the contract, it is well established that guaranteeing the fidelity of employees and persons holding positions of trust is a form of insurance, and that such a contract is subject to the rules applicable to insurance contracts generally, and not to the rules applied to ordinary sureties for accommodation."

In *Sears* v. *Nahant* (1913), 215 Mass. 234, 239, 102 N. E. 493, Ann. Cas. 1914C 1296, the court said:

"And where actions are brought to recover indemnity either where the right to indemnity is implied by law or arises under a contract, reasonable counsel fees which have been incurred in resisting the claim indemnified against may be recovered as a part of the damages and expenses."

"As a general rule an indemnitee is entitled to recover, as a part of the damages, reasonable attorney fees, and reasonable and proper legal costs and 6. expenses, which he is compelled to pay as a result of suits by or against him in reference to the matter against which he is indemnified, provided that under all the circumstances of the case he acts in good faith and with due diligence in prosecuting or defending such suits. This rule is especially applicable where the indemnitor is notified and given an opportunity to contest the adverse litigation but fails or refuses to do so; or where the employment of counsel is with the knowledge of the indemnitor. Where the contract of indemnity expressly includes attorney's fees and legal costs, in the matter indemnified, the extent to which the indemnitee is entitled to recover such fees and costs depends upon the terms of the particular contract; and it has been held that where the contract expressly indemnifies a person against the costs and expenses incident to a certain act or arising from a certain claim, it extends to the costs and expenses of defending groundless suits." 31 C. J. 436, §31.

It follows, from the foregoing, that the court did not err in overruling the demurrer to the complaint.

Appellant very earnestly insists that the demurrers to the second, third and fourth paragraphs of answer should have been overruled. The complaint alleges that

appellee paid to appellant the insurance premium for one year, and there is no allegation in either paragraph of said answers that the amount so paid was returned or tendered to appellee, and for this reason if for none other, the demurrers to these answers were properly sustained. *National Live Stock Ins. Co.* v. *Owens* (1916), 63 Ind. App. 70, 113 N. E. 1024; *Modern Woodmen, etc.*, v. *Vincent* (1907), 40 Ind. App. 711, 80 N. E. 427, 14 Ann. Cas. 89; *Penn. Mut. Life Ins. Co.* v. *Wiler* (1885), 100 Ind. 93, 50 Am. Rep. 769.

There was no error in overruling the motion to strike out the second paragraph of reply to the fifth paragraph of answer, and the same ruling applies to the motion to strike out the second paragraph of reply to the sixth paragraph of answer, as these replies were not departures from the theory of the complaint, but avoid the defenses attempted to be set up in these paragraphs of answer. *Home Brewing Co.* v. *City of Indianapolis* (1919), 70 Ind. App. 674, 123 N. E. 721; *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 67 N. E. 443, 66 L. R. A. 119.

Appellant assigns as error the overruling of the demurrers to the second paragraphs of reply to the fifth and sixth paragraphs of answer, on the grounds that the matters alleged constituted a departure, and that the judgment of the Miami Circuit Court fixed the status of the bank as a wrongdoer such as to deprive it of any right to recover on the bond. There was no error in overruling these demurrers. Appellee, although a judgment defendant in the original case, was only liable under the doctrine of *respondeat superior* for the acts of Charters, but this would not constitute the bank the wrongdoer so as to prevent its recovery over in an action against Charters, much less does it prevent recovery on the contract of insur-

ance in a suit for the express purpose of protecting the bank against such a recovery as that of Miller. 31 C. J. 446, §§46, 47; *Fidelity & Casualty Co.* v. *Eickhoff* (1895), 63 Minn. 170, 65 N. W. 351, 30 L. R. A. 586, 56 Am. Rep. 464; 25 C. J. p. 1089, §2; *Washington, etc., Bridge Co.* v. *Pennsylvania Steel Co.* (1915), 226 Fed. 169, 141 C. C. A. 167; *City of Bloomington* v. *Chicago, etc., R. Co.* (1912), 52 Ind. App. 510.

Appellant complains of instructions given and refused, but the jury was well instructed as to the law of the case, and in instruction number eighteen, as follows: "If you find from the evidence that the judgment rendered in the Miami Circuit Court, upon which this suit is based was rendered against Charles M. Charters and was likewise rendered against the bank this fact may be considered by you, together with all the other evidence in the case, in determining whether or not said defendants were both found primarily liable for the loss sustained by the said John H. Miller, and if you find by a fair preponderance of the evidence, that the said judgment was rendered against each of said defendants on account of their respective torts and on account of the respective torts committed by them, then you can not find a verdict for the plaintiff in this case." We have reviewed the evidence given in the case and hold that the verdict of the jury was rendered on account of the unlawful conduct of Charters during the life of the contract in suit, and that there is no evidence in the record showing any wrongful or unlawful acts on account of the bank on which a verdict could have been rendered, except under the rule of *respondeat superior*.

Appellant contends, under its motion for a new trial, that the verdict is not sustained by sufficient evidence, and that it is contrary to law and is excessive. We do not think so.

As to the rulings on the admission and rejection of evidence, we find no reversible error. We hold that under the law governing this class of cases, under the authorities heretofore cited, the appellee is entitled to recover costs, expenses and attorney fees in addition to the judgment.

Affirmed.