DETROIT FIDELITY AND SURETY COMPANY *v.* FREY ET AL.

[No. 12,859. Filed December 8, 1927. Rehearing denied March 9, 1928. Transfer denied May 18, 1933.]

*Young & Linder* and *R. L. Ewbank,* for appellant.

*Miller, Dailey & Thompson, Albert L. Rabb, Thomas D. Stevenson, Perry E. O'Neal* and *Sidney S. Miller,* for appellees.

NICHOLS, J.—Action by appellee Frey against appellant and other appellees. There being special findings of fact and conclusions of law, we deem it unnecessary to consider alleged errors as to the pleadings. It appears by these findings so far as here involved, that appellant, at the time of the execution by it of the bond sued on, December 1, 1923, was, and is a surety company for profit; and ever since has been duly authorized to transact in Indiana its business of a surety company for profit.

During the year 1923, appellees, Conder and Culbertson, were partners engaged in the business of erecting houses and other structures.

On or about August 2, 1923, appellees, Conder & Culbertson, and appellant entered into a written contract whereby Conder & Culbertson agreed to erect a two-story stucco apartment building on appellee Frey's lot in the City of Indianapolis, Marion County, Indiana. Said contract provided, *inter alia,* that the contractors should begin the work immediately, complete the building on or about October 1, 1923, that they would be held responsible for and make good any defects arising from or discovered in the work within one year after the completion and acceptance of the building, that they would pay for all labor and materials used in the erection and construction of said building, that no person, persons, corporation or corporations should file or maintain any lien thereon or on the real estate on which the same was located, for labor or material used in the erec-

tion and construction thereof, and that they would keep the building and real estate free from all liens for labor and materials.

Frey agreed to pay Conder & Culbertson for the performance of the contract a sum not to exceed $22,920, subject to conditions and deductions as provided in the general conditions of the contract, payments to be made one-third of the contract price when the building was ready for plastering, one-third when the building was plastered and ready to finish, and the final one-third when the building was completely finished, providing satisfactory evidence and an affidavit were given that there were not and could not be any liens or claims for any labor or materials furnished in the performance of the contract. Pursuant to said contract Conder & Culbertson commenced the erection of said building in the summer of 1923 and almost completed the same in December, 1923. In the construction of said building Brannum-Keene Lumber Company sold and furnished in 1923 to Conder & Culbertson building material to be used, and which was used in the construction of said building, on which there became due in 1923 to said lumber company $4,887.82, which sum was not paid. On February 2d, 1924, said Lumber Company filed in the Recorder's office of Marion County its notice of an intention to hold a mechanic's lien for the said sum on said lot and buildings, and on September 3, 1924, said Lumber Company commenced its suit in the Superior Court of Marion County, Indiana, against Frey and his wife and Conder and Culbertson, partners, to foreclose said lien. All of said defendants appeared in court and resisted the suit, but such proceedings were had therein that on November 5, 1925, judgment was rendered in said last named suit in favor of the Lumber Company against Conder & Culbertson for the total sum $4,858.72, and a foreclosure of said mechanic's lien was had and

ordered, and said real estate was ordered sold to satisfy said judgment and costs. In said suit the claim and demand of the Lumber Company was reduced by $845.69. Frey and his wife filed their motion for a new trial in said cause, which was overruled by the court. On December 12, 1925, Frey, in order to prevent the sale of his said real estate under said judgment and decree of foreclosure, paid said judgment, interest thereon and costs, the total sum paid by him amounting to $4,901.25, which sum has never been repaid to him

On September 6, 1924, appellant was duly notified of the commencement and nature of said suit by Frey's attorney and from time to time thereafter was duly advised of what was being done and was done in said suit, but it gave no attention whatever to said suit and took no part therein, and did not assist in the defense thereof.

In the late fall or early winter of 1923, Conder & Culbertson, before the completion of said building and before all material and labor used in the construction thereof had been paid for, desired and requested the payment to them of the balance to become due them on the completion of their said contract before the completion thereof, and in order to induce Frey to pay to them such balance they tendered and delivered to him, on December 1st, 1923, the bond sued on in this action, which bond said Conder & Culbertson executed as principal and appellant as surety, for a consideration to be paid to it by Conder & Culbertson. Said Francis J. Frey accepted said bond and, relying theron, paid to Conder & Culbertson, on December 5th, 1923, on their said contract the sum of $7,455.25, being the sum that would have become due Conder & Culbertson on the completion of said building and after the payment by them for all labor and material used in the construction of said building. In addition to the usual conditions of

such bonds, this bond was conditioned that: "This bond is executed waiving, and with full knowledge of the provisions of the contract between the owner herein and the principal herein providing that before the balance due is paid to the principal, the principal shall furnish the owner evidence and an affidavit showing that all bills and claims on account of said construction have been paid *and with the knowledge that as yet all bills and claims have not been paid and with the understanding and agreement that the owner may, without such evidence or affidavit, at once* pay to the principal the balance due under said contract." (our italics), and with provision "that no suit, action or proceeding by reason of any default whatever shall be brought on this bond after three months from the day on which the final payment under the contract falls due."

Conder & Culbertson never finished the construction of said building and have never paid for much of the labor and material used in the construction thereof. The findings specify divers failures to complete the building according to plans and specifications, and divers sums of money which Frey was compelled to pay out in order to make the building, in the respective particulars, comply with the plans and specifications. In the defense of said suit of the Lumber Company, Frey employed an attorney to look after the defense thereof and who did look after it and to whom Frey paid $300 as a fee for such services, which fee was a reasonable fee for the services rendered. A reasonable fee for the services of Frey's attorney in the present suit would be and is $700, which fee is unpaid but which Frey has contracted to pay. No part of any sums herein found to have been paid by Frey has been repaid to him and all of said sums are long past due and unpaid. No part of the sums required to complete said building have been paid to Frey, nor has he been paid for any attorney's

fee or fees hereinbefore found to have been paid or contracted for by him. Frey performed all the things required of him under said contract between him and Conder & Culbertson and under said bond.

There has been long and unreasonable delay in the payment of the sum found due, and Frey is entitled to interest thereon from December 12th, 1925, at the rate of six per cent per annum. There was demand of appellant for payment, as well as of Conder & Culbertson, both of which demands were refused.

The court stated its conclusions of law on the facts found specially that the law is with appellee Frey and that he is entitled to recover from Conder and Culbertson, as partners, and appellant, $6,482.55, on which judgment was rendered, from which, after appellant's motion for a new trial was overruled, this appeal, appellant assigning as error the court's rulings on the pleadings, which as stated above we do not consider, the conclusions of law, and the court's action in overruling appellant's motion for a new trial.

Challenging the court's first conclusion of law, appellant contends that the conclusion should have been that the law was with appellant for the reason that it is provided in the bond sued on that no suit by reason of any default shall be brought thereon after three months from the day on which the final payment under the contract falls due. But we can not agree with appellant's contention in this regard.

It is clearly found by the court that before the completion of the building Conder & Culbertson desired and requested the final payment on the building and to induce appellee to pay the same executed and delivered the bond in suit, and that appellee, relying on the bond, made payment of the amount that would have become due on the completion of the building and after the payment by them for all labor and material used in the

construction of the building, it being expressly provided in appellant's bond that it had knowledge that as yet all bills and claims had not been paid and that it agreed that Frey might, without evidence or affidavit of the payment of such unpaid claims, at once pay the principal, Conder & Culbertson, the balance due under the contract. Appellant cannot be heard to say that this refers to the first and second installments of payment for the very purpose of giving the bond was to induce the payment of the balance to become due, at once, though there were at that time unpaid claims for labor and material, and the building was not then completed. It was settled in the suit to foreclose the Lumber Company's lien that it had furnished material for the building after the bond in suit was executed, thus showing that at the time of the execution of the bond the building was not completed. Claimants for labor and material had sixty days after the completion of the building within which to file their liens, but notwithstanding this fact appellee made the final payment at once because of the conditions of the bond, one of which, in addition to those set out above, was that the principal should faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same. At the time of the execution of the bond, appellant well knew that the contract had not been performed, and that there were outstanding claims for labor and material. With this knowledge, it agreed that the final payment might be made, though it knew that it did not fall due until the building was completed and all claims for labor and material were paid. As these events never happened, the limitation period named in the bond did not commence to run.

It is specially found that appellant was duly notified of the pendency of the lumber company's foreclosure suit, and was duly advised of what was being done. Be-

ing so duly notified and advised, it necessarily had its opportunity to defend, and failing so to do, is bound by the judgment of foreclosure against appellee's property, and by the allowance of attorney's fees. As was said in *Employers, etc., Corporation* v. *Citizens Bank* (1926), 85 Ind. App. 169, 151 N. E. 396, quoting with approval from 31 Corpus Juris 436, with reference to the rule as to the recovery of attorney fees, the rule is especially applicable where the indemnitor is notified and given an opportunity to contest the adverse litigation but fails or refuses to do so, or where the employment of counsel is with the knowledge of the indemnitor. In this case appellant received its notice of suit from Frey's counsel and of course knew that counsel had been employed. We have examined the correspondence between Frey's attorney and appellant, and from it we are confirmed in our view that the court by "due notice" understood that it was such notice as gave appellant an opportunity to defend. The letter from Frey's attorney that informed appellant of the commencement and pendency of the suit says: "This is notice to you of the claim and suit. Of course if Mr. Frey is compelled to pay this claim and lien or costs and expenses he will look to you for full reimbursement under the bond issued by you to him. Please give the matter such attention as you think necessary to protect your interests and the interests of Mr. Frey." While the letter was not in the form of a drastic demand, we do not see how its courteous expression could have given better notice to appellant of the suit, and of its opportunity to defend.

We have examined the numerous alleged errors which appellant undertakes to present, and we conclude that they are captious rather than substantial, and we do not feel justified in extending this opinion in their discussion.

The judgment appealed from contains $700 as an attorney fee for Frey's attorney in the prosecution of this action. We find no provision in the bond  in suit for attorney's fees, and we know of no rule of law that would authorize their recovery. The judgment is affirmed and costs of appeal are taxed to appellee upon condition that appellee Frey, within 30 days from this date, file with the clerk of this court the certificate of the clerk of the trial court that such appellee has filed his remittitur of $700 of the judgment as of the date hereof. Failing so to do the judgment is reversed with instruction to grant a new trial.